**Jack Arthur STEHLING, Appellant,**

v.

**Jane WILKINSON et al., Appellees.**

**No. 907.**

Court of Civil Appeals of Texas, Tyler.

Jan. 29, 1976.

R. Emmett Cater, San Antonio, for appellant.

Patricia E. Grant, Ray Harris Adams, San Antonio, for appellees.

McKAY, Justice.

This suit, called "Motion to Reduce Unpaid Child Support to Judgment", was filed in the District Court in Bexar County on December 5, 1974, by Jane Wilkinson against Jack Arthur Stehling. The trial court's judgment awarded $9,120.00 to Jane Wilkinson and also awarded $2,500.00 to her attorney. Stehling brings this appeal.

The parties had formerly been husband and wife. They were divorced by a decree of the District Court of Gillespie County on November 13, 1967. The divorce decree approved and confirmed an agreement concerning the division of their community property and that the mother would have custody of their four minor children. Without reference to or recitation of any agreement the court ordered Stehling, the father, to pay $80.00 per month per child to the mother until each child reached 18 years of age, but the judgment did not specify any agency through which such payments were to be made.

On September 11, 1969, the Domestic Relations Court of Harris County issued an order under the Uniform Reciprocal Enforcement of Support Act for $80.00 per month per child with all payments to go through the Chief Probation Officer, Woodbury, New Jersey, beginning September 29, 1969.

On December 10, 1969, appellant petitioned the District Court of Gillespie County to reduce the support payments to $50.00 per month per child, and the court so ordered the reduction and also ordered the payments to be made to the District Clerk of Gillespie County.

On March 9, 1970, appellee filed a motion for contempt in the District Court of Gillespie County for nonpayment of child support, but there is no disposition of that motion in the record.

As indicated, appellee's "Motion to Reduce Unpaid Child Support to Judgment"[1]

1. "MOTION TO REDUCE UNPAID CHILD SUPPORT TO JUDGMENT

"This suit is brought by JANE WILKINSON, Movant, to collect past due child support. Petitioner resides at 711 Sterling Road, Woodbury, New Jersey, and Respondent is JACK ARTHUR STEHLING, who resides at 3803 Barrington, North 16A, San Antonio, Bexar County, Texas.

"1. This Court has continuing jurisdiction of this suit.

"2. The names of the children are as follows:
JOHN MICHAEL STEHLING
GEORGE RIDGE STEHLING
PHILIP GREGORY STEHLING
TARA JANE STEHLING
"3. In an order of this Court entered November 13, 1967, JACK ARTHUR STEHLING was ordered to pay to Movant $320.00 per month for the support of the children. On December 10, 1969, the payments were reduced to $200.00 per month.

was filed December 5, 1974, and recited that it was brought "to collect past due child support." It was further alleged that "*this* Court has continuing jurisdiction of this suit," and "In an order of *this* Court entered November 13, 1967, Jack Arthur Stehling was ordered to pay . . . ." and that he "has not paid as ordered . . . ." (Emphasis added.)

■ By several points appellant challenges the jurisdiction of the trial court to render judgment in this cause. Appellant contends by his second point that the only court having jurisdiction of this suit is the district court which decreed the order sought to be enforced, and he maintains in his fourth point that the Family Code precludes jurisdiction in the Bexar County District Court. We sustain these points.

Section 11.05(a) of the Family Code [2] provides that

" . . . when a court acquires jurisdiction of a suit affecting the parent-child relationship, *that court retains continuing jurisdiction* of all matters provided for under this subtitle in connection with the child, *and no other court has jurisdiction of a suit affecting the parent-child relationship* with regard to that child except on transfer as provided in Section 11.06 of this code." (Emphasis added.)

> Respondent has not paid as ordered, and at this time $10,140.00 is unpaid and owing.
> "4. To protect Movant's rights and those of the children with whom this action is concerned, Movant found it necessary to obtain the services of PATRICIA E. GRANT, a licensed attorney. Movant asks that a reasonable attorney's fee of at least $3,000.00 and judgment be rendered against JACK ARTHUR STEHLING, Respondent, in favor of this attorney.
> PRAYER
> "Movant prays that Respondent be cited to appear and answer this Motion 10 days from receipt of this notice.
> "Movant prays that judgment be granted against Respondent for child support unpaid and owing and for attorney's fees.
> "Movant prays for general relief."

2. Section references are to Family Code unless otherwise noted.

Section 11.01(4) provides " 'Parent-child relationship' means the rights, privileges, duties and powers existing between a parent and child as provided by Section 12.04 of this code."

Section 11.01(5) reads:

" 'Suit affecting the parent-child relationship' means a suit brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or *support of a child,* or establishment or termination of the parent-child relationship is sought." (Emphasis added.)

Section 12.04(3) provides that a parent of a child has the duty to support the child by providing clothing, food, shelter, medical care and education.

Appellee's pleading, being in the form of a motion, apparently assumed that the Bexar County court was the court originally acquiring jurisdiction of the parent-child relationship. The trial court found as a conclusion of law [3] that no other court had continuing jurisdiction. However, the record reveals that the District Court of Gillespie County first acquired jurisdiction of a suit affecting the parent-child relationship involved here, and there has been no transfer of that jurisdiction to Bexar Coun-

3. Conclusions of Law
1. This cause of action is a suit on a debt, and this Court has jurisdiction.
2. No other court had continuing jurisdiction.
3. Defects in movant's pleadings, if any, were waived because they were not timely objected to in writing. (T.R.C.P., 90)
4. That this District Court has jurisdiction and authority to award a money judgment for previously unpaid child support.
5. That a money judgment in the amount of $9,120.00 shall issue against the Respondent, Jack Stehling.
6. That $2,500.00 is a reasonable fee for services performed by the movant's attorney and a judgment shall issue against the Respondent, Jack Stehling, for $2,500.00.

ty. There is nothing in the record to show that the Bexar County District Court had acquired jurisdiction by being informed by the State Department of Public Welfare that the children had not been the subject of a suit affecting the parent-child relationship as required by Section 11.05(c), nor did the pleading state that no other court had continuing jurisdiction over the children as provided by such section.

■ The trial court concluded as a matter of law that this was a suit for debt and that it had jurisdiction of this cause of action. Contrary to appellant's contention, an action may now be brought in a court which has acquired jurisdiction of a suit affecting the parent-child relationship to enforce an order of child support, and a judgment against a defaulting party may be rendered for any unpaid support, and such judgment may be enforced as a judgment for debt. Section 14.09(c). It has been held that Section 14.09(c) is constitutional and that child support payments which had accrued prior to the effective date of the Family Code (January 1, 1974) may be included in a judgment against a defaulting party under this section since it was a remedial or procedural statute. *Harrison v. Cox*, 524 S.W.2d 387 (Tex.Civ.App. —Fort Worth, 1975, writ ref'd, n. r. e.). Article 4639a was repealed by the Family Code.

■ Appellee maintains this is a suit on a contract and not a suit affecting parent-child relationship; and, therefore, it is not subject to the provisions of the Family Code. We disagree.

The judgment of the District Court of Gillespie County decreeing a divorce and awarding custody and ordering support makes no reference to an agreement on the child support so ordered. There was no contract involving support in the record.

Parent-child relationship is defined in Section 11.01 as the rights, privileges, duties and powers existing between a parent and child as provided in Section 12.04. Among the rights, privileges, duties and powers of a parent listed in Section 12.04 is found in subsection (3) the duty to support the child which includes providing the child with clothing, food, shelter, medical care and education. We hold that this is a suit affecting the parent-child relationship and that it is subject to the provisions of the Family Code.

■ By virtue of the provisions of Section 11.05 the court acquiring jurisdiction of a suit affecting the parent-child relationship retains continuing jurisdiction unless (1) there has been a transfer of the cause to another court as provided by Section 11.06, or (2) there has been a final decree of adoption of the child involved, or (3) the State Department of Public Welfare has informed another court that the child or children has or have not been the subject of a suit affecting the parent-child relationship, and the petition states that no other court has continuing jurisdiction. None of these exceptions appear in the record of this case.

We hold that this suit is one affecting the parent-child relationship, and under the record before us the District Court of Bexar County did not have jurisdiction to entertain and render judgment on the "Motion to Reduce Unpaid Child Support to Judgment". As provided by the Family Code the jurisdiction of such an action was in the District Court of Gillespie County, and the record does not reveal that jurisdiction had been acquired by any other court.

Judgment of the trial court is reversed, and the cause is dismissed.