**Charles Lee BLEDSOE, Appellant,**

v.

**Martha Bledsoe BLACK, Appellee.**

**No. 4891.**

Court of Civil Appeals of Texas, Eastland.

April 8, 1976.

Bob Hanna, Robinson, Hanna, Burke & Moore, Abilene, for appellant.

Don Seamster, Wagstaff, Harrell, Pope, Alvis, Dickinson & Erwin, Abilene, for appellee.

RALEIGH BROWN, Justice.

This is a domestic relations case. Martha Bledsoe Black filed a motion for contempt contending Charles Lee Bledsoe was delinquent in child support payments. Bledsoe answered and petitioned to be appointed managing conservator or in the alternative requested that child support payments be reduced.

The trial court found Bledsoe was delinquent in support payments and ordered him to pay his arrearage of $3,000 plus attorneys' fees of $600. Bledsoe's requested relief was denied. He appeals.

Bledsoe contends in his first three points of error the trial court erred in failing to require a court reporter to record the testimony because (1) the hearing relates to a purported contempt of a previous order; (2) said failure violated Article 11.14(d) of the Texas Family Code; and (3) said failure violates Article 2324, V.A.C.S.

Appellant argues that although it is uncontroverted both parties and their attorneys appeared at the hearing and no mention was made concerning whether or not a reporter be requested, there is no showing he waived having a court reporter transcribe the proceedings and therefore, the court has committed error. We disagree.

Texas Family Code Ann. § 11.14(d) (1975), provides:

"(d) A record shall be made as in civil cases generally unless waived by the parties with the consent of the court."

Article 2324 provides in general that each official court reporter shall "upon request" attend all sessions of the court, take shorthand notes of all testimony, and prepare a statement of facts. The words "upon request" were added by amendment effective May 27, 1975. Prior to the amendment, the statute provided that the reporter "shall" perform the duties outlined in the statute, and it had been held that Article 2324 was mandatory and failure to comply was fundamental error in contempt cases. *Ex parte Hart*, 520 S.W.2d 952 (Tex.Civ.App.—Dallas 1975, no writ). The 1975 amendment added a request requirement.

Appellant neither objected nor excepted to the absence of the reporter. There is no evidence a reporter was requested. Appellant is now in no position to complain of the absence of a reporter.

The court in *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.Sup.1972), considering a like problem which included the absence of a party stated:

" . . . It does not appear that any request was made for the court reporter to record the testimony of the third witness or that any objection was made to his failure to do so. In our opinion the hearing of testimony in the presence of counsel for all parties but while one of the parties and the court reporter are absent is not so fundamentally erroneous or unfair as to require a reversal in the absence of objection or exception."

In *Phillips v. Phillips*, 532 S.W.2d 161 (Tex.Civ.App.—Austin 1976, no writ), the court said:

" . . . To complain on appeal of the absence of the court reporter, an appellant must show that he objected in the trial court, as he must to complain of any other procedural error in the trial. *Whatley v. Whatley*, 493 S.W.2d 299 (Tex.Civ. App.1973, no writ), *Wilkinson v. Evans*, 515 S.W.2d 734 (Tex.Civ.App.1974, writ ref'd n. r. e.)."

Appellant's first three points of error are overruled.

 Bledsoe argues the court abused its discretion in failing to give him credit for $3,382.08 he had paid on a hospital bill incurred by one of the minor children.

The findings of fact include:

"6. The Court found that $5,100.00 of child support had not been paid by the father, as required by the divorce judgment.

7. That the father had purchased some clothes for the children and had maintained a hospitalization insurance policy on the children.

8. That the purchasing of clothes by father for the children and the maintaining of the insurance policy was voluntarily done by father.

9. That the father should be given credit for some of the clothes purchased by father and for the insurance premium for the hospitalization policy and that after giving such credits, there was still due and owing $3,000 in unpaid child support to the Mother.

10. Medical expenses for, one daughter, Joyce Louise Bledsoe had been incurred since the divorce. These expenses had been paid primarily by insurance proceeds from two insurance policies—one carried by the Mother on the children and one carried by the Father."

The parties agreed that Lee Bledsoe provided a hospitalization insurance policy on his minor children during the marriage and continued the policy after the divorce. His insurance carrier paid $3,382.08 on a hospi-tal bill incurred by one of the minor children.

The failure of the court to credit Bledsoe with this sum is the substance of his claim the court abused its discretion. We disagree with appellant and overrule the point of error.

Bledsoe urged there was insufficient evidence to support the award of $3,000 in delinquent payments.

There is neither a complete nor an agreed statement of facts.

The court in *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.Sup.1968), said:

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

The point of error is overruled.

We have considered and overruled all points of error.

The judgment is affirmed.