**Ex parte Lewis John PAPPAS, Relator.**

**No. 17060.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 29, 1977.

Rehearing Denied March 9, 1978.

Boswell, O'Toole, Davis & Pickering, Martin J. Grimm, Houston, for appellant.

Keith A. Mullins, Houston, for appellee.

PEDEN, Justice.

Relator in this habeas corpus proceeding was found in contempt of court for failing to make child support payments. He asserts in his unsworn application that the support order in the divorce decree lacks specificity, that he was deprived of a statement of facts because the trial judge failed to provide a court reporter or obtain written waivers from the parties, and that after suspending the punishment for contempt, the court was required to afford him another hearing before committing him. The writ is denied.

Relator first complains of lack of specificity of the support order, relying on *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). In that case the decree stated that support was ordered for "three minor children until said children attain the age of eighteen years . . . ." The Supreme Court held:

> "It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him."

Relator in the case at bar asserts that the child support order does not inform him of how and where to make the payments. The order states:

> "It is further ORDERED by the Court that the Respondent shall pay the sum of ONE HUNDRED AND NO/100 ($100.00) DOLLARS per month to the Petitioner for the support and maintenance of said child, with the first of said payments of $100.00 to be made on or before the 1st day of December, 1972, and a like sum to be paid on or before the 1st day of each month thereafter until further Order of the court, or until said minor child attains the age of eighteen (18) years."

We do not find this order ambiguous. It identifies the payee and states the amount to be paid. Any difficulties encountered by the relator in locating his ex-wife do not render the order void.

Relator next contends that the trial court erred in failing to provide a court reporter since it obtained no written waiver of the parties. Relator relies on *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976), which held: "if an appealing party exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be presented in no other way." The *Smith* case involved a petitioner who was neither present nor represented at the hearing on the merits. He showed that he had used due diligence in his attempt to procure a statement of facts.

Mr. Pappas was present at the hearing. A case more directly in point with the issue presented in our case is *Bledsoe v. Black*, 535 S.W.2d 795 (Tex.Civ.App.1976, no writ). Mr. Bledsoe contended, as does Mr. Pappas, that the trial court erred in failing to require a court reporter under Section 11.-14(d) of the Texas Family Code.

> "§ 11.14(d) A record shall be made as in the civil cases generally unless waived by the parties with the consent of the court."

Article 2324 of Vernon's Texas Civil Statutes states the rule on court reporters in civil cases generally. It was amended, effective May 27, 1975, to provide for a court reporter only "upon request." The *Bledsoe* case held that this additional request requirement rendered the appellant's complaint invalid if he failed to show that he had objected or excepted to the absence of the court reporter or that a court reporter had been requested. Having failed to show

a request or an objection, Mr. Pappas has waived this point.

Relator's final point is that since his punishment under the original contempt order was suspended for a period of time, he should have been given an additional hearing before being immediately committed to the custody of the sheriff. The contempt order finds relator in contempt and assesses the punishment which is then suspended upon the following terms:

> "1. That Respondent LEWIS JOHN PAPPAS pay the sum of $5,400.00 arrearage in child support on or before October 11, 1977.
>
> 2. That Respondent pay the costs of this proceeding, to-wit: $38.00 to the District Clerk of Harris County, Texas, and $250.00 to Keith A. Mullins, attorney for Movant, by 9:00 A.M. on the 11th day of October, 1977.

IT IS FURTHER ORDERED that this case is reset until October 11, 1977, at 9:30 A.M. in the courtroom of the Court of Domestic Relations Number Two, Harris County, Texas, and that unless Respondent has complied by that time with all of the above conditions to purge himself of contempt, he shall immediately be committed to the custody of the Sheriff of Harris County, Texas, to be confined in the county jail at Houston, Harris County, Texas, as herein ordered, and that all commitments, writs, attachments and other process necessary for the enforcement of this decree be issued at that time."

It has been held in two recent cases that an order finding one in contempt but suspending punishment on condition of compliance with the order provides no authority in itself for arrest and confinement; a subsequent hearing on the alleged breach of the condition and an unconditional commitment are necessary. *Ex parte Sauser*, 554 S.W.2d 239, 241 (Tex.Civ.App.1977, no writ); *Ex parte Hart*, 520 S.W.2d 952, 953 (Tex.Civ. App.1975, no writ).

■ The order of commitment in our case recites that this cause "came on to be heard" and that "the court after having heard all the evidence and arguments

. . . ." The relator has not filed either a statement of facts or a bill of exception in this collateral attack on the trial court's order. His unsworn allegation as to lack of a second hearing does not overcome the recital in the commitment order or the presumption of regularity.

Issuance of the writ is denied.

### On Motion for Rehearing

Relator attended the contempt hearings. He complains that the trial judge "proceeded to trial on the motion for contempt without providing for the transcription of same by a court reporter or obtaining the *written* waivers of the parties of their respective rights to such transcription, as is required by Section 11.14(d), Texas Family Code . . . ." (emphasis added). We find no requirement in Section 11.14(d) that the waiver of the record be in writing. Since habeas corpus proceedings constitute collateral attacks, the relator must demonstrate that the commitment is void. This he has been unable to do.

■ Mr. Pappas' principal contention seems to be that he is now unable to pay, but a relator's defense of inability to perform depends on his conclusively establishing that *at the time of the contempt hearing* he was unable to comply with the court's order. (emphasis added). *Ex parte Rohleder*, 424 S.W.2d 891 (Tex.1967). Again, he must show that the contempt order was void.

We overrule the motion for rehearing. However, since the relator has given an indication of his inability to pay at the time of the contempt hearing by spending seven days in jail, we believe that the trial court might well consider granting another hearing at which relator's ability to pay at the time of the contempt hearing and any other extenuating circumstances might be more fully developed and might be recorded. If unable to purge himself, he might remain in jail for the balance of his natural life. *Ex parte DeWees*, 146 Tex. 564, 210 S.W.2d 145 (Tex.1948).