Ex parte Edward E. WILSON, Relator.

No. 17854.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 2, 1981.

Bruce A. Baughman, Baytown, for appellant.

Emmett Moore, Houston, for appellee.

Before DOYLE, WARREN and EVANS, JJ.

DOYLE, Justice.

This is a petition for writ of habeas corpus.

Edward E. Wilson was found in contempt of court and ordered confined to the Harris County jail for fifteen days for failure to pay child support as adjudged in a previous divorce decree.

Wilson argues that he is illegally confined because, through no fault of his own, he is unable to obtain a proper record of the evidence introduced at his contempt hearing. He continues that this is a suit affecting the parent-child relationship as defined by the Texas Family Code, § 11.01(5).

Section 11.14(d) of the Texas Family Code states:

A record shall be made as in civil cases generally unless waived by the parties with the consent of the court.

Wilson states he did not waive his right to have a record made, nor did the court require the record be made as set out above.

Two cases are cited by petitioner for the proposition that, where an appellant has exercised due diligence and through no fault of his own is unable to obtain a record of the trial, he is entitled to a new trial where the right to have the case reviewed on appeal can be preserved in no other way. *Rogers v. Rogers*, 561 S.W.2d 172 (Tex. 1978); *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.1972).

Since art. 2324, Tex.Rev.Civ.Stat.Ann., was amended effective May 27, 1975, to require the attendance of a court reporter only when requested, several cases have been decided based on an interpretation of such amendment. *Bledsoe v. Black*, 535 S.W.2d 795 (Tex.Civ.App.—Eastland 1976, no writ); *Ex Parte Pappas*, 562 S.W.2d 865 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). These cases, in effect, held that the "when requested" requirement operated to invalidate appellant's complaint that he was denied a record if he failed to show that he had objected or excepted to the absence of a court reporter or that a reporter had been requested. In both of these cases the appellants were present at the trial court hearing.

However, our Supreme Court had the occasion to consider the amended art. 2324 and § 11.14(d) of the Texas Family Code in *Rogers v. Rogers*, 561 S.W.2d 172 (Tex. 1978). In that case, as in the case before us, the petitioner was not present at the trial in which Mrs. Rogers was granted a divorce. The decree contained orders affecting the parent-child relationship. The Court reversed the court of civil appeals

and the trial court and granted the husband a new trial, stating:

> Texas Family Code § 11.14(d) requires that a record be made in all suits affecting the parent-child relationship unless waived by the parties with the consent of the court. This provision places a duty on the court to make a record of the proceedings in the same manner as did art. 2324 before its amendment. Although art. 2324 was changed in 1975 to require the making of a record only on request, Texas Family Code, Section 11.14(d), prescribing that a record be made in parent-child relationship cases, was not so amended.

It thus appears that the Supreme Court has held that a record is mandatory in parent-child relationship matters, whether requested or not, and whether both parties were present at the trial or the judgment was by default. The court also distinguished the basis of its holding in *Smith v. Smith*, 544 S.W.2d (Tex.1976) from that applied in *Rogers* by pointing out that *Smith* rested on neither art. 2324 nor the Family Code § 11.14(d), but by the rule set forth in *Robinson v. Robinson*, supra, which states:

> If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.

In the very recent case of *Silverstein v. Natkin*, 575 S.W.2d 320 (Tex.Civ.App.— Waco 1978, no writ), the court considered the question of the official court reporter's failure to make, and hence to furnish, a statement of facts for the father who sought to appeal a change of custody order. The father was not present at the trial. The Waco court, citing the *Smith* and *Rogers* cases, supra, held that Section 11.14(d) of the Family Code applied and that the father was entitled to a reversal and retrial since it was not his fault that the statement of facts was unobtainable.

■ However, before we reach the question of whether Family Code, § 11.14(d), applies, the record must show that the contempt order is void. *Ex parte Dustman*, 538 S.W.2d 409 (Tex.1976); *Ex parte Dilliard*, 577 S.W.2d 519 (Tex.Civ.App.— Texarkana 1979, no writ). Nor do we reach the rationale and application of the "due diligence rule" of *Robinson and Rogers*, supra. Since an original habeas corpus proceeding is a collateral attack upon the contempt order, a petitioner will be granted no relief unless the order is void. *Ex parte Dustman*, supra. Petitioner does not point to any portion of the commitment order which he contends is invalid. He merely states that "Petitioner, through no fault of his own is unable to obtain a proper record of the evidence introduced at his contempt hearing." There is no assertion by petitioner that the order from which he seeks relief is ambiguous or unenforceable, or that he was unable to pay the child support arrearage at the time he was held in contempt. Petitioner was present with counsel at the June 10, 1980 hearing which found him in contempt and was present with counsel at the September 9, 1980 hearing which resulted in his commitment. Both hearings were regular on their face and in the absence of a statement of facts or of sworn allegations pointing out to this court in what manner such facts or allegations would show that the trial court's order was void, we must presume that the order below was proper and found support in the evidence. *Ex parte Pappas*, supra.

The issuance of the writ is denied.