**Ex parte Ralph JUAREZ, Relator.**

No. 04–83–00582–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 18, 1984.

Shirley Ehrlich, San Antonio, for relator.

Maria Larson, Dept. of Human Resources, Atty. Gen., Child Support, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

### OPINION

ON APPLICATION FOR WRIT OF HABEAS CORPUS

PER CURIAM.

This is a habeas corpus proceeding. Relator, Ralph Juarez, was held in contempt of court for failure to make child support payments as ordered in a previous divorce

decree. Juarez was present at the show cause hearing held on October 26, 1983, but no record of that hearing was made. He was committed to the Bexar County Jail for six months, fined $100.00 for contempt of court, and was confined for such time thereafter until child support arrearages of $8,120.00 were fully paid.

■ Relator first argues that he is illegally confined because no record was made of the contempt hearing. We agree. Section 11.14(d)[1] of the Family Code states that a record *shall* be made in parent-child relationship suits unless waived by the parties with the court's consent. A suit affecting the parent-child relationship is defined in section 11.01(5) as "a suit brought under this subtitle[2] in which ... support of a child ... is sought." The present action was brought under section 14.09, which section is included in Subtitle A of Title 2 of the Family Code. It was an action seeking support of a child. It is thus a suit affecting the parent-child relationship[3] and, therefore, is subject to the requirement of section 11.14(d) that a record be made.

■ The language of section 11.14(d) is mandatory and requires a record whether requested or not. *Ex parte Wilson,* 616 S.W.2d 327, 329 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). Our Supreme Court has held that section 11.14(d) places an affirmative duty on the trial court to make a record of the proceedings in suits affecting the parent-child relationship. *Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex. 1978).[4] A mere showing that relator was present at the hearing and that he failed to object to the absence of a court reporter is not a showing that he waived his right to a statement of facts and that the court consented to this waiver. It is not the relator's burden to request a record. Section 11.14(d) requires that a record automatically be made in parent-child relationship matters *unless* the parties waive it *and* the court consents to that waiver. There is no showing of waiver or consent in the record before us, and we must therefore assume that the making of a record was not waived. It was error for the trial court to proceed with the show cause hearing in the absence of a record.

Relator also argues that his due process rights were violated by the failure to provide him with sufficient notice of the hearing. We also sustain this contention. Relator was previously adjudged in contempt at a hearing held on December 31, 1980, issuing out of process served on him on September 18, 1980. Since that time he has been served with no new process, citation, or show cause order, yet he was taken into custody on October 25, 1983, by virtue of an attachment order issued March 30, 1983, and was made to appear at the present "show cause" hearing the day after his incarceration. His attorney of record stated at oral argument that she did not attend this hearing because she was not notified of it.

■ Due process in constructive contempt matters requires that the contemnor be given full and complete notification of the charges against him and a reasonable opportunity to meet the charges by way of defense or explanation. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). An attachment alone ordinarily will not satisfy this notice requirement. *Ex parte Hodge,* 389 S.W.2d 463, 463 (Tex.1965).

The writ of attachment is not part of the record. Even if we assume that the attachment gave relator some kind of notice, it was served less than ten days before his hearing. *Ex parte Cardwell,* 416 S.W.2d 382, 384 (Tex.1967); TEX.R.CIV.P. 308–A.

1. All statutory references are to TEX.FAM. CODE ANN. (Vernon 1975).

2. "This Subtitle" refers to Subtitle A of Title 2 of the Texas Family Code.

3. *See Adwan v. Adwan,* 538 S.W.2d 192, 194–95 (Tex.Civ.App.—Dallas 1976, no writ); *Stehling v.* *Wilkinson,* 533 S.W.2d 427, 430 (Tex.Civ.App.— Tyler 1976, no writ).

4. Although *Rogers* was a direct appeal, § 11.-14(d) also applies in collateral attacks such as the one now before us. *See Ex parte Wilson, supra.*

Relator spent the night of the 25th in jail, and we may assume that this situation did not provide him with sufficient time or opportunity to prepare for the next day's hearing. We hold that as a matter of law relator was deprived of his liberty without due process of law.

For these reasons, relator is discharged.