Ex parte Vollie Don JONES.

No. 11-85-184-CV.

Court of Appeals of Texas, Eastland.

Oct. 24, 1985.

Gerald Brantley, Law Offices of Ed Paynter, P.C., Abilene, for appellant.

Ross Adair, Abilene, for appellee.

Before McCLOUD, C.J., and DICKENSON and RALEIGH BROWN, JJ.

## Opinion

RALEIGH BROWN, Justice.

This is a habeas corpus proceeding. Relator, Vollie Don Jones, was held in contempt of court for failure to make child support payments as ordered in a previous decree. He was committed to the county jail of Taylor County, Texas, for a period of 180 days, and so long thereafter until child support arrearages of $11,600 were fully paid.

In his application and brief in support of habeas corpus relief, Relator alleges two points of error. Relator first argues that he is illegally confined because no record of the contempt hearing was made. Secondly, Relator alleges that he is illegally confined because there was no commitment order.

■ The procedural posture of this case is significant. This is not a default judgment wherein no record was made and the complaining party made no appearance. The issue before this Court is whether a party, by making an appearance and failing to object to the absence of a court reporter, waives his right to a record under TEX. FAM.CODE ANN. sec. 11.14(d) (Vernon 1975).

In any suit affecting the parent-child relationship, Section 11.14(d) provides that "[a] record shall be made as in civil cases generally unless waived by the parties with the consent of the court." Relator, relying upon the case of *Ex parte Juarez*, 665 S.W.2d 200 (Tex.App.—San Antonio 1984, original proceeding), urges that Section 11.14(d) places a mandatory duty on the court to make a record and that such right to a record cannot be waived by an appearance and a failure to object to the absence of a court reporter.

*Juarez* was a habeas corpus proceeding. Mr. Juarez, present at the show cause hearing, was held in contempt for failure to make child support payments as ordered in a previous divorce decree. The *Juarez* court, citing the Texas Supreme Court, declared:

The language of Section 11.14(d) is mandatory and requires a record whether requested or not. *Ex parte Wilson*, 616 S.W.2d 327, 329 (Tex.Civ.App.—Houston [1st. Dist.] 1981, no writ). Our Supreme Court has held that Section 11.14(d) places an affirmative duty on the trial court to make a record of the proceedings in suits affecting the parent-child relationship. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978). *A mere showing that relator was present at the hearing and that he failed to object to*

*the absence of a court reporter is not a showing that he waived his right to a statement of facts and that the court consented to this waiver.* (Emphasis ·added) at 201.

Although the facts in *Juarez* are identical to those which confront this Court, we disagree with the *Juarez* decision in its construction of Section 11.14(d).

As a precedent to stating that a waiver does not result by appearance and failure to object under Section 11.14(d), the *Juarez* court places reliance upon the Texas Supreme Court's decision in *Rogers v. Rogers*, 561 S.W.2d 172 (Tex.1978). The *Rogers* decision, however, was a default judgment case. The *Juarez* facts, and the facts in the instant case, present a situation where the complaining party was present and failed to object. The *Rogers* court specifically noted the inapplicability of their decision to a non-default judgment case by stating:

> It may also be noted that the record here presents no question of failure to object to the absence of the reporter or waiver of his presence at the trial as Rogers was not present in person or by counsel and could do neither. at 173

*Rogers* is, therefore, not to be taken as controlling authority in a case where the party was present at the hearing and failed to object to the absence of the court reporter.

The case of *Bledsoe v. Black*, 535 S.W.2d 795 (Tex.Civ.App.—Eastland 1976, no writ), states the correct rule to be applied in a Section 11.14(d) case where there has been an appearance by relator and a failure to object to the absence of a court reporter. In *Bledsoe*, both parties and their attorneys appeared at the contempt hearing for failure to pay child support. The husband neither objected nor excepted to the absence of a reporter, and no court reporter was requested. On appeal, the husband argued that the order of contempt was entered in error because no record of the hearing was made under Section 11.14(d). This Court held that the husband had waived his right to a record.

Section 11.14(d) provides for the making of a record *"as in civil cases generally ...."* TEX.REV.CIV.STAT.ANN. art. 2324 (Vernon Supp.1985), establishes the duty of a court reporter in civil cases generally. Article 2324 declares that each official court reporter shall *"upon request"* attend all sessions of the court, take shorthand notes of all testimony, and prepare a statement of facts. Accordingly, a party who is present before the court in a Section 11.14(d) hearing is required, under Article 2324, to "request" a court reporter, and a failure to "request" or object to the absence of a reporter is a waiver of one's right to a reporter.

The case of *Ex parte Pappas*, 562 S.W.2d 865 (Tex.Civ.App.—Houston [1st Dist.] 1978, original proceeding), citing *Bledsoe*, reached the same result in a Section 11.14(d) case. The *Pappas* court declared that "[h]aving failed to show a request or an objection," relator waived the right to a record. See Pappas, supra at 866–67. Moreover, although expressed in dicta, the Court in *O'Connell v. O'Connell*, 661 S.W.2d 261 (Tex.App.—Houston [1st Dist.] 1983, no writ), again recognized the proper rule to be applied in a Section 11.-14(d) case wherein a complaining party makes an appearance and fails to object to the absence of a court reporter. The *O'Connell* court stated:

> A party may waive the making of a record [under Section 11.14(d)] by express written agreement, or by not objecting to the lack of record during the hearing. at 263

The interpretation placed upon Section 11.14(d) by this Court in *Bledsoe* and by the Houston court in *Pappas* and *O'Connell* does not deny a party's right to a record, but merely prevents one from "lying behind the log." When a party is present before the court, due diligence must be exercised in seeking a record. The Texas Supreme Court, speaking of the duty to exercise due diligence, stated:

> If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence

introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.

*Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972); see also *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976). Although neither *Robinson* nor *Smith* rested upon Article 2324 or Section 11.14(d), the general principle requiring due diligence in obtaining a record is applicable under Section 11.14(d) when the complaining party has made an appearance because Section 11.14(d) refers to making a record "as in civil cases generally."

Therefore, we hold that Relator has waived his right to a statement of facts by making an appearance in the contempt proceedings, failing to request a court reporter and failing to object to the absence of a court reporter. Relator's first point of error is overruled.

In Point of Error Number Two, Relator contends that he is illegally confined because there is no commitment order which forms the legal basis for his detention. It is clearly established that no particular form is prescribed by law for an order of commitment. See *Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980); *Ex parte Palmateer,* 150 Tex. 510, 243 S.W.2d 160 (1951); *Ex parte Snow,* 677 S.W.2d 147 (Tex.App.—Houston [1st Dist.] 1984, original proceeding); see also *Ex parte Woodruff,* 483 S.W.2d 951 (Tex.Civ.App.—Texarkana), *writ dism'd per curiam sub nom. Woodruff v. Woodruff,* 487 S.W.2d 692 (Tex.1972); *Ex parte Lazaro,* 482 S.W.2d 12 (Tex.Civ.App.—San Antonio 1972, writ dism'd). The Texas Supreme Court declared in Ex parte Barnett, at 256:

> The directive that a person be placed in jail and detained may be contained in an authenticated copy of the court's judgment or in a separate order signed by the judge or by the clerk of the court at the judge's direction.

On July 2, 1985, the district judge entered an order entitled "ORDER HOLDING RESPONDENT IN CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT AND FOR COMMITMENT TO COUNTY JAIL." Pursuant to the order, the district clerk issued a "WRIT OF COMMITMENT" which directed "any sheriff or constable within the State of Texas" to take Vollie Don Jones, Relator, into custody and commit him to the Taylor County jail. The "WRIT OF COMMITMENT" further provided that Vollie Don Jones was to be confined "in accordance with the judgment of contempt attached hereto or until he is otherwise legally discharged." We hold that the district judge's order and the "WRIT OF COMMITMENT" are sufficient authority for the Taylor County Sheriff to confine Relator. Point of error number two is overruled.

The writ of habeas corpus is denied, and Relator is remanded to the custody of the Sheriff of Taylor County.