Sandra Gallagher PARSONS, Appellant,

v.

Clarence Stahl PARSONS, Jr., Appellee.

No. B14–86–128–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 18, 1986.

Neva Steelhammer, Houston, Ronald S. Bradshaw, Pasadena, Edward E. Lindsay, Houston, for appellant.

Grady W. James, Jr., Conroe, Joe H. Rentz, Susan Battelstein, Houston, for appellee.

Before SEARS, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Sandra Parsons (appellant) appeals from an order in which the managing conservatorship of a minor child, Stephanie Ann Parsons, was modified. Managing conservatorship was taken from the mother and awarded to the father. In eight points of error appellant asserts that the trial court erred (1) in overruling her motion for judgment n.o.v. due to insufficient and/or no evidence to support the verdict; (2) in excluding the videotaped testimony of the minor child; (3) in failing to make a record of the audio testimony of the videotape while it was being viewed outside the jury's presence; and (4) in allowing the videotaped testimony of the minor child to be removed from the court's custody. We are not persuaded by her contentions and, therefore, affirm.

Stephanie Ann Parsons was born on November 29, 1981, to Sandra Gallagher Parsons and Clarence Stahl Parsons, Jr. (appellee). On June 28, 1983, the Parsons were granted a decree of divorce which provided for the appointment of the mother as managing conservator and the father as possessory conservator of this child. Both parties filed motions to modify the conservatorship in 1984 and, at a hearing on May 31, 1985, the trial court ordered that Family Court Services be appointed as temporary managing conservator and that both parents be named as temporary possessory conservators. The court then appointed Dr. Sallye Webster (a clinical psychologist) to test and evaluate all parties and make recommendations to the court. Appellee filed an emergency motion to modify this temporary order and, at a hearing in August 1985, the appellee was appointed the temporary custodial parent. Following a jury trial in November of 1985, appellee was appointed managing conservator of Stephanie Ann Parsons.

In points of error one through five, appellant asserts that the trial court erred in overruling her motion for judgment n.o.v. and/or her motion for new trial. Specifically, appellant complains of the legal and factual sufficiency of the evidence to support the jury's affirmative answer to Special Issue No. 1, which inquired whether there had been a material and substantial change in the circumstances of the child, the managing conservator or the possessory conservator since the entry of the divorce decree on June 28, 1983. Further, appellant contests the factual sufficiency of the evidence to support the jury's affirmative answer to Special Issue No. 3, which stated that the appointment of the appellee as managing conservator would be a positive improvement for the child.

■ In reviewing the factual sufficiency of the evidence to support a jury's answer to special issues, we consider and weigh all of the evidence in the case to determine whether the evidence is insufficient or if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate*, 244 S.W.2d 660, 661 (Tex.1951). In our effort to understand the mental process of the jury in reaching its decision, we have thoroughly reviewed the record and all evidence submitted to the jury. Realizing that appellate courts are not fact finders but merely have the power to "unfind facts" which a jury or trial judge has improperly found, we rely on the language of Justice Robertson in his concurring opinion in *Dyson v. Olin Corp.*, 692 S.W.2d 456, 458 (Tex.1985). The courts of appeals should only exercise their fact jurisdiction to prevent a manifestly unjust result; moreover, those courts "are not free to reweigh the evidence and set aside a jury verdict merely because the judges feel that a different result is more reasonable." *Id.* Consequently, in applying this reasoning to our review of the facts presented at trial, we find sufficient facts to support the jury's answers to special issues one and three. Therefore, we cannot set aside the jury's findings in the instant case. Moreover, because we have found the evidence factually sufficient to support the jury's answer to Special Issue No. 1, we also find that the evidence is legally sufficient to support the jury's answer to this special issue. Points of error one through five are overruled.

In points of error six through eight appellant directs the court's attention to the videotape of Stephanie Ann Parsons and maintains that the trial court erred in excluding the videotape, in failing to make a record of the audio portion of the videotape and in allowing the videotape to leave its custody. The videotape was made by the Montgomery County Sheriff's Department on March 12, 1985, as part of its investigation into child sexual abuse allegations made by appellant against appellee. The videotape supposedly consisted of dialogue between Stephanie Ann Parsons and Edie Conley, a detective with the Montgomery County Sheriff's Department. During the trial the videotape was offered into evidence. After argument before the court, the videotape was viewed by the court and counsel out of the presence of the jury. Following the viewing, the court found the videotape to be inadmissible, stating that "it should be removed out of the sight of the jury." Although a court reporter was present at the showing of the tape, no record of the audio testimony from the tape was made. Furthermore, counsel for appellant did not request that the videotape be marked as an exhibit. Following the court's ruling, which denied admission of the tape, Mrs. Parsons' attorney said: "Your Honor, if I have not made it clear for the record, please note my exception and I will offer the tape and the testimony as a Bill of Exception." The court replied: "I will certainly take note of your exception for the record." However, the videotape was not marked as an exhibit and was not transcribed. Subsequently, the video tape was returned to the Montgomery County Sheriff's Department.

■ Appellant argues that the court abused its discretion by excluding the videotaped testimony of Stephanie Ann Parsons and that an improper verdict resulted. Appellant points to Section 11.21(b) of the Texas Family Code which prescribes the rules and procedures for the admissibility of recorded testimony in cases involving a child twelve (12) years or younger who is alleged to be the victim of abuse. Tex. Fam.Code Ann. § 11.21(b) (Vernon 1986) provides:

b) The recording of an oral statement of the child recorded prior to the proceeding is admissible into evidence if:

1) no attorney for a party to the proceeding was present when the statement was made;

2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

3) the recording equipment was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;

4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

5) each voice on the recording is identified;

6) the person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party; and

7) each party to the proceeding is afforded an opportunity to view the recording before it is offered into evidence.

All seven procedural safeguards must be present before the court can admit the videotape into evidence. Because the videotape is not properly before us as part of the record in this case, i.e., it was never formally marked as an exhibit or transcribed by the court reporter, we must assume the trial court did not abuse its discretion in refusing to admit it into evidence. Accordingly, we overrule point of error six.

■ In point of error seven, appellant asserts the trial court erred in failing to make a record of the audio testimony from the videotape of Stephanie Ann Parsons. Appellant relies on Section 11.14(d) of the Texas Family Code, which provides: "A record shall be made as in civil cases generally unless waived by the parties with the consent of the court."

While it is unfortunate that the audio portion of the videotape was not made a part of the record, it cannot be said that no record was made of the case at hand. On the contrary, this court has read through more than two thousand pages of the recorded testimony made during the course of this trial. Section 11.14(d) of the Family Code has been clarified by case law that requires a showing of diligence and responsibility on behalf of the complaining party

to be certain a record is made. In the case of *O'Connell v. O'Connell*, 661 S.W.2d 261, 263 (Tex.App.—Houston [1st Dist.] 1983, no writ), the court of appeals held, respecting Tex.Fam.Code Ann. § 11.14(d):

A party may waive the making of a record by express written agreement, *or by not objecting to the lack of record during the hearing* (emphasis added).

In the more recent case of *Ex Parte Jones*, 700 S.W.2d 15 (Tex.App.—Eastland 1985, no writ), the court clarified that Section 11.14(d) requires a timely objection by counsel, without which he is deemed to have waived the making of a record. *Ex Parte Jones* was a habeas corpus proceeding where no record was made of the contempt hearing. The court in *Ex Parte Jones* distinguished a default judgment situation from one in which the complaining party was present and failed to object, stating:

*Rogers* [*v. Rogers*, 561 S.W.2d 172] is, therefore, not to be taken as controlling authority in a case where the party was present at the hearing and failed to object to the absence of the court reporter.... The [Ex parte] *Pappas* [, 562 S.W.2d 865] court declared that "[h]aving failed to show a request or objection," relator waived the right to a record.

*Id.* at 17. The *Jones* Court stated:

The interpretation placed upon Section 11.14(d) by this Court in *Bledsoe* [*v. Black*, 535 S.W.2d 795] and by the Houston court in *Pappas* and *O'Connell* does not deny a party's right to a record, but merely prevents one from "lying behind the log." When a party is present before the court, due diligence must be exercised in seeking a record.

*Id.* Accordingly, point of error seven is overruled.

■ In point of error eight, appellant asserts that the trial court erred in allowing the videotaped testimony of Stephanie Ann Parsons out of its custody. Counsel for appellant had the responsibility of having the videotape marked as an exhibit. By failing to do that, the tape and its

contents never came under the court's control. Undoubtedly counsel believed he was preserving the videotape for review on appeal when he made the statement that he "offer[s] the tape and this testimony as a Bill of Exception." This statement unfortunately was insufficient to make an *unmarked* item an exhibit, which would require the trial court to maintain custody of it. We overrule point of error eight.

The order of the trial court is affirmed.