

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 17, 1994

Honorable Lee Haney
District Attorney
35th Judicial District
Courthouse
Brownwood, Texas 76801

Opinion No. DM-296

Re: Whether a district clerk may honor a change of address request from a child support obligee to remit child support payments to the care of a collection agency (RQ-653)

Dear Mr. Haney:

You have asked whether a district clerk may honor a change of address request from a child support obligee to remit child support payments to the care of a collection agency. In other words, you ask whether a child support obligee must seek a court order modifying the original child support order if the obligee desires to change the address to which the local registry remits the child support payments. Your question requires us to consider the issue that Attorney General Opinion DM-222 (1993) left unresolved.

You have provided us with the following facts:

> In 1986 Deborah Marie Coley and Robert Leslie Coley were divorced. The Decree of Divorce provided that Mr. Coley pay child support in the amount of $200.00 per month to Ms. Coley for the support of their two minor children. . . .

> In 1993 the District Clerk received two documents from Debie Gilbert, formerly Deborah Marie Coley. . . . As in opinion DM-222 these documents were a "Limited Power of Attorney and Authorization to Release Information" and a "Change of Address and Request for Payment History."

You have included with your letter to this office a copy of the divorce decree and the two documents that the district clerk recently received from Ms. Gilbert. We note that the divorce decree requires Mr. Coley, the child support obligor, to pay child support on a monthly basis "through the registry of the Court and thereafter promptly remitted to the Managing Conservator[, Ms. Gilbert,] for the support of the children." *In re Coley*, No. 25,778 (35th Dist. Ct., Brown County, Tex., June 19, 1986). In the document entitled "Change of Address and Request for Payment History" Ms. Gilbert has requested that the court change her mailing address and "forward all future payments to" the care of Child Support Collection Agency of America. In the document entitled "Limited Power of Attorney and Authorization to Release Information" Ms. Gilbert "appoint[s] and

authorize[s] limited power of attorney to Child Support Collection Agency of America, Inc. . . . to take any and all lawful action necessary to collect the child support" due to the Coley children.

In *Attorney General Opinion DM-222 (1993)* this office considered whether a child support obligee may assign the right to receive child support payments through the local registry to another person without a court order modifying the original child support order to designate a different person to whom the district clerk should remit the child support payments. That opinion determined that the power of the district court with continuing, exclusive jurisdiction over the parent-child relationship[1] at issue "encompasses the power to modify that part of the order designating the person . . . who is ultimately to receive the child support payments." Attorney General Opinion DM-222 (1993) at 3. We continued:

> Consequently, a managing conservator may not unilaterally assign to a third party the child's right to child support payments. Instead, the managing conservator must seek the approval of the court with continuing, exclusive jurisdiction over the child, which will consider and protect the child's interest in the child support payments.

*Id.* The opinion concluded, therefore, that a district clerk must comply with the terms of the existing court order, remitting the child support payments to the person named in the order, unless the district clerk has received a court order modifying the designation of the ultimate recipient of the child support payments. *Id.* at 4.

We stated in that opinion, however, that "we [here] determine . . . only whether a child support obligee may authorize payment of child support payments to an entity other than that provided in the court order. . . . [W]e do not determine . . . whether a child support obligee may change his or her address for purposes of transmitting the child support payments." *Id.* at 1 n.1. This is the question that we must consider now.

"The grounds for modification of [a] child support order[] are those factors which are relevant to the making of the order[] in the first place, [*e.g.*,] changes in the child's needs and resources, in the needs and resources of both parents, and in the child's physical, emotional[,] and educational requirements." HOMER H. CLARK, JR., THE LAW OF DOMESTIC RELATIONS IN THE UNITED STATES § 18.2, at 371 (2d ed. 1987). Consistent with our conclusion in Attorney General Opinion DM-222, we believe that the designation of the person who is ultimately to receive the child support payments also is a factor that is relevant to the making of the child support order, and changes in the designation only

---

[1]Under section 11.05(a) of the Family Code, a court that has acquired jurisdiction of a suit affecting the parent-child relationship retains continuing, exclusive jurisdiction of all parties and matters related to the suit. Attorney General Opinion DM-222 (1993) at 3.

may be accomplished through a court order modifying the original child support order. On the other hand, we do not believe that the obligee's address is a factor "relevant to the making of the order[] in the first place." *See* CLARK, *supra*, § 18.2, at 371. We have been informed that a child support obligee may change his or her residence numerous times. Indeed, we understand that a court generally does not attempt to fix in a child support order the address of an obligee. *Id.*; *see Ex parte Pappas*, 562 S.W.2d 865, 866 (Tex. Civ. App.--Houston [1st Dist.] 1977, no writ) (stating that, because child support order identifies obligee and states amount to be paid, order is not ambiguous and therefore void for lack of instructions to obligor regarding how and where to make payments). For example, while the *Coley* divorce decree unequivocally designates the obligee to whom the court registry is to remit the child support payments, it does not attempt to fix the obligee's address. We therefore believe that a district clerk may honor a change of address form that a child support obligee properly has completed and submitted, without a court order modifying the original child support order to reflect the changed address.[2] Our conclusion remains the same even if the new address is "care of" a child support collection agency.

## S U M M A R Y

A district clerk may honor a change of address request, even if the new address is "care of" a child support collection agency, that a child support obligee properly has completed and submitted without a court order modifying the original child support order to reflect the changed address.

Yours very truly,

DAN MORALES
Attorney General of Texas

---

[2]If a person has applied for or receives financial assistance under chapter 31 of the Human Resources Code or has applied for services under chapter 76 of the Human Resources Code, that person thereby assigns to the Office of the Attorney General of Texas any right to receive child support payments of a child for whom the person is claiming assistance. Hum. Res. Code § 76.003(a). In either circumstance, a district clerk must direct all child support payments to the state registry; the district clerk must not honor a change of address request. We also understand that some counties have contracted with the Office of the Attorney General locally to distribute money collected in proceedings brought under title IV, part D of the Social Security Act. These counties act as the attorney general's agent to change an obligee's address. Brown County does not, however, have such an arrangement with the Office of the Attorney General.

Additionally, a court in any case may by order require that a child support obligee move to modify the original child support order if the obligee seeks to change his or her mailing address.

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Assistant Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General