COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-345-CV
 
IN THE INTEREST OF D.J.M., A CHILD
 
------------
FROM THE 324TH DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
I. Introduction
This appeal arises from a suit affecting the parent-child relationship (SAPCR),
which was referred by agreed order to an associate judge for a final hearing. In
five issues, Appellant Sanford J. Marks complains that the trial court erred by
failing to make a record of the proceedings and challenges the sufficiency of
the evidence to support certain trial court findings. We hold that Marks waived
the making of a record and affirm the trial court's judgment.
II. Factual and Procedural History
Susan Anne Joiner, D.J.M.'s mother, filed in district court an amended
petition to modify the parent-child relationship between herself, Marks, and
D.J.M. Joiner sought modification of a 1998 Agreed Voluntary Decree of
Paternity, in which Marks was adjudicated the father of D.J.M., was established
as primary managing conservator of D.J.M., and was given the exclusive right to
establish D.J.M.'s primary residence. The parties agreed to submit all pending
issues to the associate judge for final determination. The agreed order
submitting the pending issues in Joiner's modification suit to the associate
judge provides:

         The parties specifically agree
 to waive their rights to have this case heard on final, before the presiding
 Judge of the 324th District Court, and for the Associate Judge to
 render a final decision. The parties specifically agree and waive the right to
 appeal any decision of the Associate Judge to a de novo hearing before the
 District Judge.

Following a final hearing, the associate judge signed a report granting
Joiner primary possession of D.J.M. and giving her the right to establish the
child's primary residence within Tarrant County or a contiguous county. In
addition, the associate judge's report granted Marks extended standard
possession of D.J.M. and required Marks to pay child support. Marks filed a
motion for new trial challenging the associate judge's implied findings and
complaining that, because no record was made of the testimony at the final
hearing, he was unable to secure appropriate appellate review of his claims. The
associate judge denied Marks's motion for new trial, and the final order on
Joiner's petition to modify was entered on September 26, 2002.
III. Absence of Record for Appeal
In his first issue, Marks contends he is entitled to a reversal of the trial
court's judgment because no record was made of the final trial before the
associate judge in this case. Marks cites section 105.003(c) of the family code
for the proposition that the making of a record in this instance was mandatory.
Tex. Fam. Code Ann. § 105.003(c) (Vernon 2002).
Section 105.003(c) of the family code provides that in suits affecting the
parent-child relationship a "record shall be made as in civil cases
generally unless waived by the parties with the consent of the court." Id.
This provision places an affirmative duty upon the trial court to insure that
the court reporter makes a record of proceedings involving parent-child
relationships. In re Vega, 10 S.W.3d 720, 722 (Tex. App.--Amarillo
1999, no pet.) (citing Stubbs v. Stubbs, 685 S.W.2d 643, 645-46 (Tex.
1985) (holding former family code section 11.14(d), predecessor to section
105.003, places responsibility on trial judge to see that record is made of all
oral testimony unless waived)).
A party, however, may waive the making of a record by express written
agreement or by failing to object to the lack of a record during the hearing. Ex
parte Jones, 700 S.W.2d 15, 17-18 (Tex. App.--Eastland 1985, no writ)
(holding that relator waived right to statement of facts by making appearance in
the proceedings, failing to request court reporter, and failing to object to
absence of court reporter); O'Connell v. O'Connell, 661 S.W.2d 261, 263
(Tex. App.--Houston [1st Dist.] 1983, no writ). But see Ex parte
Juarez, 665 S.W.2d 200, 201 (Tex. App.--San Antonio 1984, no writ) (stating
that "A mere showing that relator was present at the hearing and that he
failed to object to the absence of a court reporter is not a showing that he
waived his right to a statement of facts and that the court consented to this
waiver."). This possibility of waiver "does not deny a party's right
to a record, but merely prevents one from 'lying behind the log.'" Jones,
700 S.W.2d at 17. Thus, "[w]hen a party is present before the court, due
diligence must be exercised in seeking a record." Id.
Here, Marks was present and represented by counsel at the final hearing
before the associate judge on June 28, 2002. Thus, it is possible that Marks
expressly waived the making of a record with the court's valid consent. Cf.
Ramirez v. Sanchez, 871 S.W.2d 534, 535-36 (Tex. App.--San Antonio 1994, no
writ) (reversing trial court judgment where no record was made, order stated
that parties waived record with court's consent, but appellant was not present
at any proceeding where he could have waived making of record); Hunter v.
Hunter, 666 S.W.2d 335, 335-36 (Tex. App.--Houston [14th Dist.]
1984, no writ) (reversing default judgment when no record of proceedings was
made, appellant was not present at proceedings, and no evidence of waiver
existed in record). Marks claims, however, that nothing in the record indicates
he did waive the making of a record or that the court consented to such a
waiver. We cannot agree. The final order modifying Joiner's and Marks's parental
relationship with D.J.M. clearly recites that "[t]he record of testimony
was waived by the parties with the consent of the Court." Absent evidence
to the contrary, we view recitations contained in the trial court's judgment and
records as true. Walton v. State, 92 S.W.3d 845, 845 (Tex.
App.--Texarkana 2002, no pet.); Intercity Investments Co. v. Plowman,
542 S.W.2d 260, 262-63 (Tex. Civ. App.--Fort Worth 1976, no writ).
Marks contends evidence contrary to the final order's waiver statement
exists. He points out that he objected to the statement in the final order that
he had waived the right to a record. A notation by the associate judge indicates
that Marks "objected to entry of final order on page 1--Record--ORDER says
record waived--Assoc. Judges' Rec of 6-28-02 does not contain such a
finding." Although Marks did object to the inconsistency between the
associate judge's report and the final order--that is, the associate judge's
report, unlike the final order, did not affirmatively state that the parties
waived the making of a record with the court's consent--this objection is not
evidence that Marks objected at the final hearing to the absence of a court
reporter. Marks never claimed in the trial court, nor does he claim on appeal,
that he actually objected to the absence of a court reporter at the final
hearing. We will not construe Marks's objection to the waiver recitation
contained the final order to mean that Marks actually asserted an objection to
the absence of a court reporter at the final hearing. Accord Jones, 700
S.W.2d at 17 (recognizing that the requirement that a party request a reporter
or object to the lack of a reporter to prevent waiver of this right is to
prevent one from "lying behind the log" by intentionally failing to
request a reporter or to object to the lack of a reporter so that a complaint
concerning the lack of a record may be raised on appeal in the event of an
adverse ruling). To hold otherwise would promote the very "lying behind the
log" denounced by the Jones court.(1)
Id.
The appellate record reflects that Marks was present and represented by
counsel at the final hearing, that Marks entered an agreed order authorizing the
associate judge to conduct the final hearing, that the parties waived the making
of a record and that the associate judge, while neglecting to include an
affirmative statement of waiver in his report, proceeded to conduct the final
hearing without a court reporter or other means of recordation. The actions of
the associate judge, viewed together with the recitation of waiver in the final
order and Marks's failure to show or even allege that he actually objected to
the lack of a court reporter, support the conclusion that Marks waived the
making of a record in the final hearing before the associate judge. See
McLamore v. McLamore, 750 S.W.2d 805, 807 (Tex. App.--El Paso 1988, no
writ) (concluding waiver of record occurred with implied consent of court when
master proceeded without court reporter and report stated that record was
waived); Ex parte Pappas, 562 S.W.2d 865, 866-67 (Tex. Civ.
App.--Houston [1st Dist.] 1977, no writ) (holding relator waived
lack-of-record complaint by failing to show that he requested or objected to the
absence of a court reporter). We hold that Marks waived the making of a record
and is not entitled to complain on appeal of the lack of a record. We overrule
Marks's first issue.
IV. Sufficiency of the Evidence
In his second through fifth issues, Marks complains that the findings of the
trial court are not supported by legally or factually sufficient evidence.
Without a transcription of the evidence presented at the hearing, we are unable
to determine whether Marks's complaints are meritorious. And, because the
absence of a reporter's record in this case stems from the parties' waiver of
such right with the court's approval, we hold that Marks's complaints present
nothing for our review. See, e.g., Smith v. Grace, 919 S.W.2d 673,
678-79 (Tex. App.--Dallas 1996, writ denied) (holding that in absence of
statement of facts appellate court could not review factual sufficiency of
evidence), cert. denied, 519 U.S. 1118 (1997). We overrule Marks's
second through fifth issues.
V. Conclusion
Having overruled all of Marks's issues, we affirm the judgment of the trial
court.
 
                                                           SUE
WALKER
                                                           JUSTICE
 
PANEL B: DAY, LIVINGSTON, and WALKER, JJ.
DELIVERED: July 24, 2003

1. No indication exists that Marks was intentionally
"lying behind the log" in this case, but we decline to make a ruling
that would promote invited error in the future.