**Ethel C. GIVENS, Appellant,**

v.

**Elias G. GIVENS, Appellee.**

**No. A2472.**

Court of Civil Appeals, Houston (14th Dist.).

April 8, 1981.

Herbert L. Coffman, Houston, for appellant.

Adolph Uzick, Law Offices of Adolph Uzick, Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a divorce judgment in a case tried to the court without a jury. Appellee filed for divorce on September 19, 1978. Appellant filed her Original Cross-Action on February 28, 1979. The final hearing took place on January 21, 1980, and the Final Judgment was signed January 30, 1980.

■ At the final hearing the parties signed a Waiver of Record waiving the recording of testimony by the Court Reporter. Appellant complains that the trial court erred in overruling her Motion for New Trial because, "Appellant did not with knowledge and intent, knowing the meaning and import of her actions waive the record of the case on the first trial." Appellant contends, relying on Art. 2324, Texas Revised Civil Statutes, that it is the absolute duty of the Court Reporter to record all testimony in a case, and the failure to do so is prejudicial to Appellant's right to an appeal. In 1975, Art. 2324 was amended to read: "Each Official Court Reporter shall *upon request*: ..." Tex.Rev.Civ.Stat. Ann. art. 2324 (Vernon Supp. 1980–1981). (Emphasis added.) The statute then proceeds to list the duties of an Official Court Reporter. If one looks only to the statute, the addition of the words "on request" relieves an Official Court Reporter of the responsibility of attending all sessions of court and recording all testimony unless requested to do so. Therefore, Art. 2324 taken alone does not require reversal because of the absence of a record in this case.

■ Following a line of cases which do not rest on Art. 2324, the Texas Supreme Court, in *Rogers v. Rogers*, stated that "if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way." *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978). Appellant is unable to show that the absence of a record in this case is not the result of her own negligence or lack of due diligence. To the contrary, it is undisputed that she signed a Waiver of the Record. She may not now be heard to complain that such waiver is not binding upon her.

■ Appellant also complains that the trial court erred in not granting her Motion for New Trial because of five unauthorized acts by her counsel. These acts involve the purported negligence of counsel in trying the lawsuit. It is well settled that "the negligence, inadvertence, or mistake of counsel is attributable to his client so that counsel's failure to defend the case properly or to develop fully the evidence does not constitute 'good cause,' authorizing a new trial." *Scheffer v. Cron*, 560 S.W.2d 419, 420 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.). Appellant's first and second points of error are overruled.

Appellant complains in her third point of error that newly discovered evidence bearing upon the property division requires the granting of a new trial. After the trial on the merits, in the exercise of due diligence, Appellant purportedly discovered that certain of her medical expenses incurred because of a beating by Appellee would not be covered under a certain insurance policy, and that additional hospitalization would be required because of these injuries. Appellant contends that such newly discovered evidence has substantial bearing on the equitable division of the property. Appellant, however, does not show in what way or to what extent this evidence should affect the property settlement and brings no specific complaint regarding the division of the property by the trial court.

■ A new trial may not be granted on the ground of newly discovered evidence

unless the Appellant shows that the knowledge of such evidence was obtained after the trial on the merits, and that with due diligence it could not have been discovered sooner. *New Amsterdam Casualty Company v. Jordan*, 359 S.W.2d 864 (Tex.1962). Appellant's injury was on November 26, 1979. Appellant was hospitalized for one week. Appellant, in the hearing on the Motion for New Trial, failed to show that the purported newly discovered evidence could not have been discovered through the exercise of due diligence following the injury and prior to the trial on the merits. Assuming that the evidence presented was newly discovered, such evidence is not so decisive of the issues which were before the trial court as to show that the trial court abused its discretion by overruling the Motion for New Trial. *Eckert v. Smith*, 589 S.W.2d 533 (Tex.Civ.App.—Amarillo 1979, writ ref'd n. r. e.).

The fourth point of error asserted by Appellant involves matters which were well within the discretion of the trial court. The trial court did not abuse its discretion in ruling on these matters. Appellant's fourth point of error is overruled.

The judgment of the court below is affirmed.