Edna McLAMORE, Appellant,

v.

Richard F. McLAMORE, Appellee.

No. 08–87–00232–CV.

Court of Appeals of Texas,
El Paso.

March 16, 1988.

Paul J. Kubinski, Ferrell, Kubinski & Smith, P.C., El Paso, for appellant.

Frederick X. Walker, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal by Writ of Error is from a judgment entered in a case in which the Appellant signed a waiver of citation, and made no appearance at the time of trial. The Petition for Writ of Error is denied.

The Appellee filed a petition for divorce in November 1986. Appellant signed a waiver of citation on December 22, 1986, in which she waived the issuance and service of citation, waived the making of a record and agreed that the waiver would constitute a general appearance. Citation was served on her on December 31, 1986. The waiver was filed January 7, 1987. A hearing was held by the court master on March 16, 1987. The master's report, after reciting jurisdiction of the court and finding that the material allegations in the petition are true, states "[t]he record was _____ waived." The signed report was adopted and confirmed the same day by a county court at law judge as judge presiding. On March 24, 1987, the decree of divorce was signed. It recites that Appellant made default and did not appear. The Petition for Writ of Error was filed May 27, 1987.

By a single point of error, the Appellant asserts error in entering the default judgment because the court reporter made no record of the proceeding, and there was no affirmative showing that the court permitted the parties to waive the making of a record as required by Tex.Fam.Code Ann. sec. 11.14(d) (Vernon 1986).

To be successful with a writ of error, (1) the petition must be filed within six months after the rendition of the judgment, (2) by a party to the suit, (3) who did not participate in the trial of the case, and (4) there must be error apparent from the face of the record. Tex.R.App.P. 45; *Brown v.*

*McLennan County Children's Protective Services,* 627 S.W.2d 390 (Tex.1982); *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640 (Tex.App.—Dallas 1987, no writ). The only issue in this case is with regard to the fourth requirement. The first three have been satisfied.

The basic complaint is that the trial court did not consent to the waiver of the making of a record in the trial court. Tex.Fam. Code Ann. sec. 11.14(d) (Vernon 1986) provides:

A record shall be made as in civil cases generally unless waived by the parties with the consent of the court.

A new trial may be required where a party is unable to obtain a proper record and the right to an appeal can be preserved in no other way. *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972); *Mountain Corporation v. Rose,* 737 S.W.2d 22 (Tex.App. —El Paso 1987, writ denied). In *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978), the Court granted a petition for writ of error in a divorce case where the official court reporter did not attend the hearing and report the proceedings. In *Ex parte Juarez,* 665 S.W.2d 200 (Tex.App.—San Antonio 1984), the court said that Section 11.14(d) was mandatory and requires a record whether requested or not even though the relator was present and failed to object. The court in *Ex parte Jones,* 700 S.W.2d 15 (Tex.App.—Eastland 1985), disagreed with that holding and said a party who is present and makes no objection waives his right to a record. None of those cases deal with an affirmative waiver as in our case.

In *O'Connell v. O'Connell,* 661 S.W.2d 261 (Tex.App.—Houston [1st Dist.] 1983, no writ), the court recognized that a party "may waive the making of a record by express written agreement." Where a party has signed a waiver of the making of a record she may not complain that such waiver is not binding upon her. *Givens v. Givens,* 616 S.W.2d 450 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ). Those cases do not discuss the requirement that the court consent to the party's waiver of the making of a record. Appellant relies

upon the holding in *Hunter v. Hunter,* 666 S.W.2d 335 (Tex.App.—Houston [14th Dist.] 1984, no writ). That case is distinguishable because in that case the appellant did not sign a waiver.

By the recital in the master's report which was adopted by the court, both the court master and the presiding judge were aware of the waiver signed by Appellant, and having proceeded without a court reporter, the master at least impliedly consented to the Appellant's waiver. The court's adoption of that report and subsequent entry of a judgment reflects again at least an implied consent by the court. The statute does not require either a written consent or expressed oral consent by the court. Certainly a better practice would be for the master's report and the judgment to each reflect the court's consent to a waiver of the making of a record where applicable. Point of Error Number One is overruled.

The Petition for Writ of Error is denied.