Nancy B. HENNING, Appellant,

v.

Gregory Alan HENNING, Appellee.

No. B14–93–01049–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 23, 1994.

Rehearing Overruled Dec. 15, 1994.

Logene L. Foster, Sugar Land, for appellant.

Pamela E. George, Houston, for appellee.

Before SEARS, DRAUGHN and BARRON, JJ.

## OPINION

SEARS, Justice.

This appeal is from a final decree of divorce establishing conservatorship of a minor

child. Appellant, Nancy B. Henning ("Nancy"), contends she is entitled to a new trial because she is unable to obtain a complete statement of facts from the trial. She also asserts she has been deprived of due process and equal protection rights. We affirm.

Nancy filed suit for divorce against Gregory Alan Henning ("Greg"), appellee, on March 25, 1992. She sought to be named sole managing conservator of the couple's minor child. Greg cross-petitioned seeking to be named sole managing conservator, or alternatively, to have both parents named joint managing conservators. Judge Thomas O. Stansbury assigned the case for trial on the merits before Associate Judge Lorraine Wilson ("the master"). The case was tried over a period of four days, commencing June 14, 1993. The master made findings which were confirmed by the presiding judge in a final decree naming both parents joint managing conservators. There was no court reporter present during the trial, but the master tape recorded the proceedings.[1] Nancy contends she is unable to have the tapes transcribed. The official court reporter for the 328th District Court filed an affidavit with this court stating:

> I was not present in open court before the Honorable Lorraine Wilson on 6/14/93, 6/15/93, 6/16/93, 6/17/93 to hear the Henning trial. The Record of the testimony was recorded by using a tape recording device.
>
> I have listened to the tapes and upon listening to the tapes, there cannot be a complete and accurate transcript made of the proceedings. There are portions of the tapes that are inaudible.

Nancy concedes that she failed to timely appeal the master's findings to the district court for a hearing de novo. See TEX.GOV'T CODE ANN. § 54.012(a), (e) (Vernon 1988) (any party entitled to de novo hearing before judge of referring court if notice of appeal is filed within three days of notice of master's report). Nancy filed a motion for new trial on July 21, 1993, and a motion to have the court appoint a transcriber for the tapes. Both motions were denied, and the final decree was signed July 22, 1993. Nancy now complains she cannot prosecute her appeal in the absence of a statement of facts.

Nancy's first four points of error are argued jointly. She contends: (1) she is entitled to a new trial because she is unable to obtain a complete statement of facts; (2) the trial court erred in denying her motion for new trial; (3) and (4) there is no evidence or insufficient evidence to support finding of fact number four, which found "[t]he parties through their attorneys acknowledged that tape recording of the proceedings may produce poor quality recording, and agreed to proceed without objection."

Nancy relies upon section 11.14(d) of the Texas Family Code, applicable to a suit affecting the parent-child relationship (SAPCR), which provides: "A record shall by made as in civil cases generally unless waived by the parties, with the consent of the court." TEX.FAM.CODE ANN. § 11.14(d) (Vernon 1986). The rule for the making of a record in civil cases requires a party to request the official court reporter to attend the proceedings and transcribe the testimony. TEX.GOV'T CODE ANN. § 52.046(a) (Vernon 1988). This statute's predecessor, TEX.REV.CIV.STAT.ANN. art. 2324, was amended in 1975 to add the request requirement; thus, under the new law the court reporter is now relieved of the responsibility of attending all sessions of court and recording all testimony unless specifically requested to do so. See Givens v. Givens, 616 S.W.2d 450, 451 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). However, section 11.14(d) was not amended at the same time as article 2324. Accordingly, in a SAPCR, section 11.14(d) places a duty on the court to make a record of the proceedings. Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex.1985). Our supreme court recognizes, however, that even though there is a duty to made a record, a party may waive its rights to a statement of facts. Id. (expressly approving our holding recognizing

---

1. Fort Bend County is not a county approved by our supreme court for electronic recording of court proceedings. The tapes of the trial have been submitted to this court, but in the absence of an order authorizing use of tape recording, we have no authority to consider them. Ex parte Occhipenti, 796 S.W.2d 805, 807 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding).

waiver of the record in *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ)); *see also Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex. 1978) (noting waiver of the record can occur when a party is present, in person or by counsel, and fails to object to the lack of a record).

■ Nancy concedes she waived the presence of a court reporter, but insists she did not waive her "right to a record." However, even when there is no express waiver, the absence of a record does not warrant reversal unless appellant shows the record's absence is not a result of her own negligence or lack of due diligence. *Givens*, 616 S.W.2d at 451. Texas Family Code, Section 11.14(d) has been clarified by case law to require a showing of diligence and responsibility on behalf of the complaining party to be certain a record is made. In *Parsons v. Parsons*, we recognized that under section 11.14(d), "[a] party may waive the making of a record by express written agreement, or by not objecting to the lack of record during the hearing." 722 S.W.2d 751, 754 (Tex.App.—Houston [14th Dist.] 1986, no writ). Where there is no default by a party and the complaining party is present at the hearing, section 11.14(d) requires a timely objection by counsel, without which he is deemed to have waived the making of a record. *Id.; see also Ex parte Pappas*, 562 S.W.2d 865, 866–67 (Tex.Civ.App.—Houston [1st Dist.] 1978, orig. proceeding) (waiver where no request or objection). This court approved of the interpretation of section 11.14(d) advanced in *Ex parte Jones*, acknowledging that it "does not deny a party's right to a record, but merely prevents one from 'lying behind the log.' When a party is present before the court, due diligence must be exercised in seeking a record." *Parsons*, 722 S.W.2d at 754, citing *Ex parte Jones*, 700 S.W.2d 15, 17 (Tex.App.—Eastland 1985, orig. proceeding) (disagreeing with *Ex parte Juarez*, 665 S.W.2d 200 (Tex.App.—San Antonio 1984, orig. proceeding)). There is no requirement that a waiver of the record be made in writing. *Pappas*, 562 S.W.2d at 867.

Nancy contends section 11.14(d) conflicts with the provisions in the government code concerning cases referred to a master. Section 54.018 provides:

> A court reporter is not required during a hearing held by a master appointed under this subchapter. A party, the master, or the referring court may provide for a reporter during the hearing. The record may be preserved by any other means approved by the master. The referring court or master may tax the expense of preserving the record as costs.

TEX.GOV'T CODE ANN. § 54.018 (Vernon 1988). Here, Nancy contends the record was to be preserved by means of a tape recording made by the master. We find this provision did not relieve Nancy of her burden to ensure a complete record would be made.

■ First, Nancy had the right to object to having her case tried by the master. *See* TEX.GOV'T CODE ANN. § 54.005(b) (Vernon Supp.1994) (if written objection to master is filed, trial shall be heard by referring court). There is no evidence of any objection to trial by the master. In addition, Nancy had the option to provide a court reporter for the trial if none were provided by the master, or she could have requested a reporter be provided and that the expense be taxed as costs. TEX.GOV'T CODE ANN. § 54.018 (Vernon 1988).

■ The burden is on the appellant seeking review to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990) (per curiam). Our supreme court has also recognized that "[t]he duty to protect the record does not spring into being only at the conclusion of trial, when the appellant begins the steps to perfect an appeal. At every stage of the proceedings in the trial court, litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary." *Piotrowski v. Minns*, 873 S.W.2d 368, 370 (Tex.1993) (interpreting Texas Rule of Appellate Procedure 50(e) concerning lost or destroyed court reporter's notes). We hold that Nancy failed to exercise diligence to ensure a complete record would be available for appeal.

Finding of fact number four recited that the parties were warned that the tape recording's quality might be poor. In the absence of a statement of facts, we presume there was sufficient evidence to support the findings of fact of the court. *Ward v. Lubojasky*, 777 S.W.2d 156, 157 (Tex.App.—Houston [14th Dist.] 1989, no writ). Our record does contain a statement of facts from the hearing on Nancy's motion for new trial, where Nancy testified and did not deny that she had been warned about the risk of relying on the tapes. Neither Nancy's trial counsel or the master were called to testify as to what warnings, if any, were given about tape's quality. In fact, no mention of the inability to obtain a complete record was made until after all testimony was concluded and Nancy's attorney tendered the tapes to the court. In light of the master's warnings, not to mention common understanding about the fallibility of tape recording, we cannot say Nancy diligently sought to protect the record in this case. *See Mitchell v. Mitchell*, 582 S.W.2d 535, 536–7 (Tex.Civ.App.—Texarkana 1979, no writ) (failure to deny or produce evidence refuting waiver of trial record at hearing on motion for new trial supported finding of waiver).

The absence of parts of the statement of facts may not require reversal and remand of the cause for new trial if the missing parts were not critical to appellate review. *Houston Lighting & Power Co. v. Klein I.S.D.*, 739 S.W.2d 508, 520 (Tex.App.—Houston [14th Dist.] 1987, writ denied). Since we do not have a partial statement of facts containing the testimony that was audible, we are unable to determine if the inability to transcribe the *inaudible* portions of the tape constitutes harmful error requiring reversal. *See Born v. Virginia City Dance Hall & Saloon*, 857 S.W.2d 951, 954 (Tex.App.—Houston [14th Dist.] 1993, no writ) (inaccuracies and omissions in transcription from tape recorded trial not shown to be harmful). Rule 55 provides methods for correcting any inaccuracies in the record, and Nancy has not requested relief under that rule, or shown that the parties cannot agree on a statement of facts. *See* Tex.R.App.P. 55(a).

We express our disapproval of the master's use of a tape recording in an attempt to preserve a record of the proceedings without the benefit of the procedural safeguards required of courts approved for use of electronic recording. *See Darley v. Texas Uvatan, Inc.*, 741 S.W.2d 200, 203 (Tex.App.—Dallas 1987, no writ) (discussing supreme court order for Dallas County district courts). Ideally, we would prefer that funds be provided to allow each master to have a court reporter present to report all proceedings when requested.[2] We recognize, however, that financial realities may not allow this luxury. In those cases where no court reporter is provided or available, the master should employ safeguards to ensure a litigant does not unwittingly waive the making of a record. Instead of employing a tape recorder that may or may not be reliable, the master should advise the parties that no record is being made.

We conclude Nancy failed to show that her inability to obtain a complete record was through no fault of her own. While we are reluctant to effectively deprive Nancy of her right to appeal, there were numerous safeguards available to Nancy which she failed to invoke. Among the steps Nancy neglected were: (1) she failed to object to having her trial heard by the master; (2) she failed to provide a court reporter at the trial; (3) she failed to demand a court reporter and request the expense be taxed as costs; (4) she failed to appeal the master's findings to the district court for de novo review; (5) she failed to furnish evidence at the hearing on the motion for new trial to refute the court's finding that she had no objection to relying on a tape recording that might be of poor quality; (6) she failed to have a partial statement of facts prepared of the audible portions of the tapes; and (7) she made no attempt to correct any inaccuracies that might appear in such a transcript by agreement or as otherwise provided in the rules of

---

**2.** *See* Tex.Gov't Code Ann. § 52.048 (Vernon 1988), which provides for a court reporter for all family law masters in El Paso.

appellate procedure. We must therefore overrule points of error one through four.

In points of error five and six, Nancy alleges deprivation of due process and equal protection rights. In points seven and eight, she contends that section 54.018 of the government code is unconstitutional because it violates due process and equal protection rights under the federal and state constitutions. These errors are alleged for the first time on appeal. Having failed to first present these complaints to the trial court and preserve them for our review, we hold that Nancy's constitutional complaints have been waived. TEX.R.APP.P. 52(a). We overrule points of error five through eight.

We affirm the judgment of the trial court.