CV5-110 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00110-CV







Mary Ann Ponder Cook, Appellant




v.




Ken Waldrup, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-09104, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING







PER CURIAM


 Mary Ann Ponder Cook appeals from the trial court order denying her motion for
enforcement in a child support matter. She contends that the trial court erred in: (1) granting
judgment for appellee Waldrup because no record of the testimony was made; (2) giving effect
to an agreed order rendered by a New Zealand court; and (3) rendering an order after the
expiration of its plenary power. We will affirm the trial-court order.



Background


 Cook and Waldrup are the parents (1) of the child whose support is at issue. The
child was born in College Station, Texas, on December 27, 1990. Waldrup moved to New
Zealand in April 1991, followed by Cook and the child in June of 1991. By October 1991, the
parties ceased cohabiting. At that point, Cook sued in the Family District Court in Dunedin, New
Zealand, seeking custody and child support. Between October 1991 and June 1992, the parties
continued litigating ongoing disputes concerning the parent-child relationship in the New Zealand
court.

 In June 1992, Cook and the child moved to DeWitt County, Texas. In August
1992, she filed a petition to establish the parent-child relationship in the 135th District Court of
DeWitt County. Waldrup appeared in Texas and entered into an agreed order (the "first DeWitt
County order") that established the parent-child relationship, named Cook managing conservator,
incorporated a standard possession order (2) and ordered Waldrup to pay child support. Waldrup
immediately returned to New Zealand. In September 1992, Cook and the child returned to New
Zealand. While back in New Zealand, the parties again used the courts of New Zealand to litigate
ongoing disputes. The parties entered into an agreed order in the Dunedin family court which
eliminated a child support arrearage and reduced the amount of Waldrup's monthly child support
payment from that set in the first DeWitt County order (the "New Zealand order").

 Cook returned to Texas and, in September 1993, filed a motion in the DeWitt
County district court to enforce the first DeWitt County order. The court rendered an order in
Cook's favor on September 14, 1993 (the "second DeWitt County order"). On July 12, 1994,
Waldrup filed a "Motion to Strike" the second DeWitt County order as void, which resulted in
an order vacating and setting aside the second DeWitt County order and a transfer of the cause
to Travis County. (3) The Travis County district court held a hearing, denied Cook's motion to
enforce the first DeWitt County order, and gave effect to the agreed New Zealand order.



Standard of Review


 A trial court has discretion to set child support. Rodriguez v. Rodriguez, 860
S.W.2d 414, 415 (Tex. 1993). A trial court's decision will not be overturned unless a clear abuse
of discretion is shown. Id.; Cohen v. Sims, 830 S.W.2d 285, 288 (Tex. App.--Houston [14th
Dist.] 1992, writ denied); Hoffman v. Hoffman, 805 S.W.2d 848, 851 (Tex. App.--Corpus Christi
1991, writ denied). A trial court abuses its discretion when it acts in an arbitrary and
unreasonable manner, or when it acts without reference to any guiding principles. Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). This Court may not reverse for abuse of discretion merely
because we disagree with the trial court's decision. Buller, 806 S.W.2d at 226; Downer, 701
S.W.2d at 242.

 The trial court made findings of fact and conclusions of law. There is no statement
of facts. In the absence of a statement of facts, we presume sufficient evidence supported the trial
court's findings and judgment. Anderson v. Oden, 780 S.W.2d 463, 465 (Tex. App.--Texarkana
1989, no writ); In re Galliher, 546 S.W.2d 665, 666 (Tex. Civ. App.--Beaumont 1977, no writ).



The Record


 In point of error one, Cook contends that the trial court erred in granting judgment
for Waldrup because no record was made of the testimony. (4) Cook concedes that the trial court's
findings of fact numbers 31, 32, and 33 are correct but disagrees with conclusion of law number
5 drawn from them. The findings and conclusion read:



31. All parties knew that this Court had a Court Reporter available to transcribe
the proceedings.


32. Movant failed to request the presence of the Court Reporter.


33. Movant failed to object to the absence of the Court Reporter.


 5. Movant waived any right to complain about the absence of a Court Reporter
at the hearing on the Motions for Enforcement held on August 23, 1994.



Cook contends that nothing in the statute nor in the caselaw suggests that inaction can constitute
waiver. We disagree.

 Section 11.14(d) places a duty on the court to make a record of the proceedings. 
Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985). Nevertheless, a party may waive its rights
to a statement of facts. Id. A party who is present at the hearing waives the making of a record
by failing to object to the lack of a record. Henning v. Henning, 889 S.W.2d 611, 613 (Tex.
App.--Houston [14th Dist.] 1994, writ denied); Parsons v. Parsons, 722 S.W.2d 751, 754 (Tex.
App.--Houston [14th Dist.] 1986, no writ); see Rogers v. Rogers, 561 S.W.2d 172, 173 (Tex.
1978). No requirement mandates a written waiver. Ex parte Pappas, 562 S.W.2d 865, 866-67
(Tex. Civ. App.--Houston [1st Dist.] 1978, orig. proceeding). Even absent an express waiver, the
lack of a record does not warrant reversal unless the appellant shows the lack did not result from
her own negligence or lack of due diligence. Henning, 889 S.W.2d at 613; Givens v. Givens, 616
S.W.2d 450, 451 (Tex. Civ. App.--Houston [14th Dist.] 1981, no writ).

 The appellant has the burden to present a sufficient record on appeal to show error
requiring reversal. Tex. R. App. P. 50(d); Christiansen v. Preselski, 782 S.W.2d 842, 843 (Tex.
1990). No record has been presented that contradicts the findings of fact and conclusion of law
showing waiver. Cook was present at the hearing. Cook concedes the accuracy of the court's
findings that she knew a court reporter was available, did not request one be present at the
hearing, and did not object to the reporter's absence. We hold that Cook waived her right to have
a record made and overrule point of error one.



The New Zealand Order


 In points of error two and three, Cook contends that the trial court improperly gave
effect to the agreed New Zealand order and should not have allowed it to modify the first DeWitt
County order.



Subject Matter Jurisdiction

 Parties cannot confer subject-matter jurisdiction by agreement or consent if it is
otherwise absent. Nash v. Civil Service Com'n, Palestine, 864 S.W.2d 163, 166 (Tex.
App.-Tyler 1993, no writ); Daniel v. Dallas Indepen. Sch. Dist., 351 S.W.2d 356 (Tex. Civ.
App.--El Paso 1961, writ ref'd n.r.e.); see Howell v. Mauzy, 899 S.W.2d 690 (Tex. App.--Austin
1994). Parties may not waive a lack of jurisdiction. Howell, 899 at 699. However, the parties
can agree to facts that lead to the conclusion that the court has jurisdiction. Kirk v. Head, 152
S.W.2d 726, 728-29 (Tex. 1941). Logically, the court can find facts leading to the conclusion
that it has jurisdiction.

 This is not an appeal from the New Zealand order. This is an appeal from a
Travis County trial court order which was rendered after a hearing, from which there is no
statement of facts. The findings of fact give effect to the agreed New Zealand order. In the
absence of a statement of facts, we presume the evidence supports the findings. Anderson, 780
S.W.2d at 465; Galliher, 546 S.W.2d at 665. Therefore, we presume that the Travis County trial
court heard evidence at the unrecorded hearing that lead it to the conclusion that the New Zealand
court had subject-matter jurisdiction to enter the agreed order.



Promissory Estoppel

 The doctrine of promissory estoppel precludes any complaints about the New
Zealand order other than subject-matter jurisdiction, such as Cook's complaint that the New
Zealand order was never properly registered as a foreign judgment. Promissory estoppel can be
applied in the context of a child support case. See Kawazoe v. Davila, 849 S.W.2d 906, 909
(Tex. App.--San Antonio 1993, no writ). The trial court made a finding that, under the terms of
the agreed New Zealand order, the parties were to execute all necessary documents to put this
agreement into effect in Texas. Cook cannot now try to claim that the New Zealand order cannot
be given any effect by a Texas court because it was not registered when she agreed to take the
necessary steps to do so and did not. Instead, she tried to enforce the first DeWitt County order. 
We overrule points two and three.

Plenary Power


 In Cook's fourth point of error, she contends that the trial court in DeWitt County
lacked plenary power at the time that it vacated its second order and transferred this cause to
Travis County. Cook has waived this point of error because she makes no reference to the record
and cites no authority. We overrule the fourth point of error.

 We hold that the trial court did not abuse its discretion in denying Cook's motion
to enforce and affirm the trial-court order.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: November 8, 1995

Do Not Publish

1. [1]  Cook and Waldrup have never been married to each other.
2. [2]  Tex. Fam. Code Ann. § 14.033 (West Supp. 1995).
3. [3]  Apparently, both Cook and Waldrup were residing in Travis County.
4. [4]  "A record shall be made as in civil cases generally unless waived by the parties, with the
consent of the court." Tex. Fam. Code Ann. § 11.14(d) (West 1986). 


f due diligence. Henning, 889 S.W.2d at 613; Givens v. Givens, 616
S.W.2d 450, 451 (Tex. Civ. App.--Houston [14th Dist.] 1981, no writ).

 The appellant has the burden to present a sufficient record on appeal to show error
requiring reversal. Tex. R. App. P. 50(d); Christiansen v. Preselski, 782 S.W.2d 842, 843 (Tex.
1990). No record has been presented that contradicts the findings of fact and conclusion of law
showing waiver. Cook was present at the hearing. Cook concedes the accuracy of the court's
findings that she knew a court reporter was available, did not request one be present at the
hearing, and did not object to the reporter's absence. We hold that Cook waived her right to have
a record made and overrule point of error one.



The New Zealand Order


 In points of error two and three, Cook contends that the trial court improperly gave
effect to the agreed New Zealand order and should not have allowed it to modify the first DeWitt
County order.



Subject Matter Jurisdiction

 Parties cannot confer subject-matter jurisdiction by agreement or consent if it is
otherwise absent. Nash v. Civil Service Com'n, Palestine, 864 S.W.2d 163, 166 (Tex.
App.-Tyler 1993, no writ); Daniel v. Dallas Indepen. Sch. Dist., 351 S.W.2d 356 (Tex. Civ.
App.--El Paso 1961, writ ref'd n.r.e.); see Howell v. Mauzy, 899 S.W.2d 690 (Tex. App.--Austin
1994). Parties may not waive a lack of jurisdiction. Howell, 899 at 699. However, the parties
can agree to facts that lead to the conclusion that the court has juri