Affirmed and Memorandum Opinion
filed August 31, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00727-CV



IN the interest of E.D.M., A CHILD



On Appeal from
the County Court at Law No. 1

Galveston County, Texas

Trial Court
Cause No. 08FD1279



 

M E M O R A N D U M   O P I N I O N


Appellant, David Morton, appeals the trial court’s
judgment confirming child support arrears in the amount of $38,188.26.  In two
issues, appellant contends that the trial court erred by excluding evidence relevant
to his defenses to the arrearage suit.  We affirm.

I.  BACKGROUND

Appellant and Phyllis Johnson were married in
Arkansas in 1990.  One child, E.D.M., was born of the marriage.  Johnson filed
for divorce in Arkansas in 1993.  Pending the divorce, three separate orders
were signed regarding support: a temporary order, an agreed order, and a contempt
order.  The temporary order, signed on June 22, 1993, ordered appellant to pay
$50 a week for the support of E.D.M.  The agreed order, signed on September 14,
1993, ordered appellant to pay a reduced amount—$33 a week.  The contempt order,
signed following the Arkansas court’s finding that appellant had failed to pay
support as ordered, required appellant to pay outstanding support totaling
$150.  On May 16, 1994, the Arkansas court signed a final decree granting the
couple’s divorce, awarding custody to Johnson, awarding visitation to
appellant, and ordering appellant to pay child support in the amount of $55 a
week.  Appellant made no support payments thereafter and moved to Texas. 

The Arkansas decree was registered with the state of
Texas on May 16, 2008.  On the same day, appellee, the Office of the Attorney
General (“OAG”), filed a motion to confirm arrearages, claiming that appellant
owed $39,435 in arrears under the Arkansas decree.  Appellant answered the suit,
denied liability, and claimed that the support order was obtained by fraudulent
inducement and that the OAG’s enforcement suit was barred by the applicable
statute of limitations and the doctrine of estoppel.  The OAG’s motion was
heard at trial by the IV-D associate judge, who made an audio recording of the
hearing.  But no transcription was made by an official court reporter.  At the
conclusion of trial, the associate judge signed an order confirming arrearages
in the amount of $38,188.26 and rendered judgment in favor of the OAG for the confirmed
amount.

Appellant now appeals the judgment, contending that the
trial court erred by excluding evidence relevant to his defenses of fraudulent
inducement and estoppel.  Specifically, appellant contends that during the
Arkansas divorce, Johnson offered to vacate the Arkansas contempt order and
refrain from seeking further child support if appellant abandoned his
visitation rights.  According to appellant, he voluntarily relinquished his
parental rights relying on Johnson’s representations.  Appellant claims that
evidence of the parties’ agreement supported his defenses of fraudulent
inducement and estoppel and that the trial court erred by excluding this
particular evidence.[1]

II.  APPELLATE RECORD

As a threshold matter, we address the status of the
appellate record in this case.  The underlying proceeding was tried in the
County Court at Law No. 1 in Galveston County, which has no official court
reporter.  Although there is no official court reporter and no official
reporter’s record in this case, the associate judge made an audio recording of
the trial proceeding.  However, the audio recording was not filed with this
Court, and the record is unclear as to whether appellant ever requested the
tape recording from the associate judge.      

Nevertheless, even had appellant filed the audio
recording with this Court, we are not authorized to consider a recording from
Galveston County in the absence of an order by the Supreme Court of Texas.  See
Rules Governing The Procedure for Making
a Record of Court Proceedings by Electronic Recording, reprinted in
Texas Rules of Court–State 457 (West
2010); see also In re D.D.A., No. 14-05-00046-CV, 2006 WL 1547869, at *2
(Tex. App.—Houston [14th Dist.] June 8, 2006, no pet.) (per curiam) (concluding
that appellate court was not authorized to consider audio recording from
Galveston County in the absence of a supreme court order); Henning v.
Henning, 889 S.W.2d 611, 612 n.1 (Tex. App.—Houston [14th Dist.] 1994, writ
denied) (noting that appellate court had no authority to consider audio tapes
from trial court proceeding in a county excluded from the supreme court’s order
pursuant to the Texas Rules of Court).  Because the Supreme Court of Texas has
not authorized this Court to consider the tape recording made below by the associate
judge, we could not consider the audio recording even if it had been filed.  

Furthermore, when trial proceedings are
electronically recorded, it is the appellant’s burden to have the portions
relevant to the issues in his appeal transcribed and filed in the appellate
court as an appendix to his brief.  Tex. R. App. P. 38.5(a)(1); see also Marena
v. George, No. 14-03-01283-CV, 2004 WL 2340631, at *1 (Tex. App.—Houston
[14th Dist.] Oct. 19, 2004, no pet.) (mem. op.); In re K.S.E., No.
04-02-00319-CV, 2003 WL 21269585, at *1 (Tex. App.—San Antonio June 4, 2003, no
pet.) (mem. op.).  Appellant has not filed an appendix of the electronically
recorded portions of the trial relevant to his evidentiary complaints.  Accordingly,
neither the audio recording nor a transcription of the audio recording is part
of the appellate record.  Without a reporter’s record, the audio recording, or
a transcription of the audio recording, our review is limited to the clerk’s
record.

We also take notice that appellant failed to make a
formal bill of exception or written proffer to preserve his evidentiary
complaints.  See Tex. R. App. P. 33.2 (requiring a party to file a
formal bill of exception regarding an appellate complaint that would not appear
in the record); see also Tex. R. App. P. 33.1(a).  The clerk’s record contains
no written proffer or bill regarding appellant’s evidentiary complaints.

III.  WAIVER

Appellant’s evidentiary complaints necessarily
require a review of a record.  We cannot determine whether the trial court
erred by excluding evidence without having first reviewed that evidence.  Without
a reporter’s record, the audio recording, a transcription of the audio
recording, or a written bill or proffer of the excluded evidence, there is
nothing to review on appeal.  See Tex. R. App. P. 33.1(a); see also
Marena, 2004 WL 2340631, at *1 (concluding that in the absence of a
transcription of the electronically recorded portion of the trial relevant to
the appellant’s arguments, the court could not determine whether the trial
court abused its discretion).  Accordingly, we overrule appellant’s first and
second issues and affirm the trial court’s judgment. 








                        

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.









[1]
For the first time in his reply brief, appellant contends that the trial court
also erred by denying his motion for new trial, which identified the same
evidentiary issues.  However, the appellate rules do not allow an appellant to
raise a new issue in a reply brief.  Tex. R. App. P. 38.3.  Because appellant
did not challenge the trial court’s ruling on the motion for new trial in his
original brief, this particular argument is waived.  See id.