**Opinion issued August 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00547-CV

————————————

**JORDAN D. HOUGHTALING, Appellant**

**V.**

**NICHOL A. HOUGHTALING, Appellee**

On Appeal from the 310th District Court
Harris County, Texas
Trial Court Case No. 2012-38612

## MEMORANDUM OPINION

Appellee Nichol A. Houghtaling sought a divorce from appellant Jordan D. Houghtaling. Nichol filed with the trial court a document purporting to be a waiver of appearance executed by Jordan. At a subsequent hearing which Jordan did not attend, the trial court entered a final decree of divorce dissolving the parties'

marriage and dividing their property. Jordan timely filed this restricted appeal, arguing that the waiver of appearance was forged or fraudulent, that he did not receive notice of the hearing at which the divorce decree was entered, and that the evidence was factually and legally insufficient to support the property division contained in the decree. Because Jordan has failed to show error on the face of the record, we affirm.

## Background

Nichol and Jordan were married, and they lived together in Texas. They had no children. When Jordan moved to New York to live with his family, Nichol filed for divorce. Jordan was served with process, and he wrote a letter to the court stating that he had read the petition and "agree[d] with the dissolution of the marriage between myself and Nichol A. Houghtaling."

A "Waiver of Appearance" in Jordan's name and purporting to be signed by him was filed with the trial court. Among other things, the waiver recited, "I waive the making of a record of testimony in this case," and "I agree that this case may be taken up and considered by the Court without further notice to me." Jordan also attested to his mailing address and Social Security number. The waiver purports to have been signed before a Texas notary named Carolyn Anders on December 17, 2012. The notary signed and stamped the waiver. Underneath the notary's

signature is printed, "Notary Public State of New York." The printed words "New York" are marked-out and the word "Texas" is handwritten next to them.

On December 17, 2012, the trial court signed a final decree of divorce. It recited that "Petitioner, Nichol A. Houghtaling, appeared in person and through attorney . . . and announced ready," and "Respondent, Jordan D. Houghtaling made a general appearance and signed a waiver consenting that the case could be considered by the Court without further notice." The final decree further stated, "The making of a record of testimony was made by the 310th Judicial District Court's court reporter." But the typed words "made by the 310th Judicial District Court's court reporter" are crossed-through, and the words "waived by the parties with consent of the court" are written in pen. The decree divided the marital estate; in the main, it awarded property in the possession of a spouse to that spouse and property titled in the name of a spouse to that spouse. However, the decree awarded Nichol possession of a Goldendoodle named Barkley, and it ordered Jordan to surrender the dog to Nichol upon request. In his appellate filings, Jordan has claimed that Barkley the dog is his separate property.

The following summer, Nichol sought enforcement of the Texas divorce decree in New York, where Jordan was living with his parents, in order to take possession of Barkley. In response, Jordan filed this restricted appeal, postmarked June 18, 2013 and received by the district clerk on June 20, seeking to set aside the

Texas divorce decree. Arguing that the restricted appeal was not timely filed, Nichol filed a motion to dismiss, which this court denied in a prior order.

**Analysis**

"A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c)." TEX. R. APP. P. 30. A restricted appeal is considered a direct attack on a judgment. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991).

To prevail on a restricted appeal, an appellant must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

A restricted appeal affords an appellant the same scope of review as an ordinary appeal, with the exception that error must appear on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.

1997) (per curiam). "As in any other appeal, the appellate court does not take testimony or receive evidence." *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam). Accordingly, evidence not before the trial court prior to final judgment may not be considered. *See Falcon Ridge*, 811 S.W.2d at 944. "When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence." *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam). For instance, affidavits filed for the first time in the appellate court are extrinsic evidence that will not support a restricted appeal. *Id.* Furthermore, silence is not enough to constitute error on the face of the record. *Id.* at 433.

## I.     Error on the face of the record

In his first appellate issue, Jordan argues that (1) the waiver of appearance filed in the trial court should be regarded as a waiver of citation, because the Rules of Civil Procedure do not provide for waivers of appearance; (2) a waiver of citation requires a proper notarization; and (3) the notarization on the waiver in this case is fraudulent.

In his second issue, Jordan argues that the waiver of appearance fails to meet the requirements for a waiver of service specified in the Family Code. *See* TEX. FAM. CODE ANN. § 6.4035 (West Supp. 2013). The Family Code section Jordan

5

relies upon requires waivers within its scope to "be sworn before a notary public who is not an attorney in the suit." *Id.* § 6.4035(c). Jordan alleges for the first time on appeal that the person who notarized the waiver, Carolyn Anders, was the employee of one of Nichol's attorneys in the divorce proceedings.

In his third issue, Jordan contends that the divorce decree must be set aside because "the lower Court was deceived into signing a final order based on a fraudulent document [the waiver of appearance] filed by the Appellee." In his fourth appellate issue, Jordan argues that he was denied due process because he did not receive notice of the December 17 hearing at which the trial court entered the final divorce decree.

Jordan's issues share a common defect in the context of this restricted appeal: the errors alleged are not apparent on the face of the record. *See Lynda's Boutique*, 134 S.W.3d at 848. The evidence of fraud and misconduct that Jordan identifies in his brief consists solely of evidence initially introduced in this appeal, evidence that was not before the trial court at the time it entered judgment. For example, Jordan contends that he was in New York on the day the waiver purports to have been notarized and offers his affidavit and the affidavits of his family and employer in support of his claims. Jordan made these allegations and adduced this evidence for the first time as part of his appeal. As this material was not before the trial court at the time it entered judgment, it cannot form the basis of a restricted

appeal. *See Falcon Ridge*, 811 S.W.2d at 944. Similarly, there is nothing in the record that was before the trial court to indicate that Anders was an employee of one of Nichol's attorneys. On its face and in the context of the rest of the trial record at the time the final divorce decree was entered, the waiver of appearance is regular and proper. *See Norman Commc'ns*, 955 S.W.2d at 270.

Jordan argues that "the alteration on the face of the document where 'New York' was crossed out and 'Texas' inserted, together with the fact that there was no initialing to the alteration by the Appellant," are evidence of fraud on the face of the record. However, judged by itself, the removal of the words "New York" and their replacement with the word "Texas" without adjacent initialing is no proof that the attestation of the notary was false.

Jordan's claim that he did not receive notice of the December 17 hearing is also unsupported on the face of the record. There is nothing in the record before the trial court at the time of the divorce decree that shows Jordan did not receive notice. While it is also true that there is nothing in the record that shows Jordan did receive notice, silence is insufficient to show error on the face of the record. *Ginn*, 282 S.W.3d at 433. "[W]hen the record does not reflect whether notice was sent, this is insufficient to establish reversible error in a restricted appeal proceeding." *Lynda's Boutique*, 134 S.W.3d at 850.

As Jordan has failed to identify error apparent on the face of the record, his first four issues are overruled.

## II.     Sufficiency of the evidence

In his fifth issue, Jordan contends that the evidence is legally and factually insufficient to support the decree of divorce. He argues that the waiver of appearance is "a false document not purporting to be what is alleged[,] is incompetent evidence, and inadmissible." He also argues that no evidence was presented regarding the nature and value of the property divided by the trial court and that therefore the court abused its discretion in dividing the property.

The waiver of appearance is not evidence of a fact at issue in the case and a legal or factual insufficiency challenge to it is therefore misplaced. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (legal sufficiency attacks concern state of evidence in regards to a "vital fact"); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (factual sufficiency challenge concerns whether "finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust").

Regarding the court's division of property, "In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001 (West 2006).

"The standard of review for property division issues in family law cases is abuse of discretion." *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998)). "A trial court has broad discretion in dividing the 'estate of the parties,' but must confine itself to community property." *Id.* (citing *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex. 1977)). "If the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion." *Id.* at 537.

In this case, there is no reporter's record of the hearing at which the trial court entered the final decree of divorce. As interlineated, the decree recites, "The making of a record of testimony was waived by the parties with consent of the court." Jordan argues that the absence of a record of testimony entails that there is no evidence that the division of property by the trial court was just and right. Relying on *Wilson*, he argues that the decree must be reversed and the case remanded for a new trial.

In *Wilson*, a wife sued her husband for divorce. 132 S.W.3d at 534. The husband never filed an answer. *Id.* A default judgment hearing was held at which the wife was the sole witness, and no exhibits were admitted into evidence. *Id.* The husband brought a restricted appeal in which he challenged the sufficiency of evidence to support the division of property. *Id.* at 536. Finding the testimony of

9

the wife at the hearing "sparse and inconsistent," the court held: "Given the dearth of evidence identifying, describing, and valuing the community estate, we hold that there is insufficient evidence to support the division of assets." *Id.* at 537–38.

*Wilson* is distinguishable from the facts of this case. *Wilson* involved a no-answer default judgment in which the husband did not appear in the trial court prior to filing restricted appeal. *See id.* at 534–36. Unlike this case, in *Wilson* there was no waiver of appearance and no waiver of a record of testimony. *See id.* On the contrary, the *Wilson* court considered the record testimony and found it lacking. *See id.* at 537–38.

Previous cases in which this court held that the absence of a record of testimony is reversible error in a restricted appeal did not involve a waiver of appearance and a waiver of the making of a record by the appellant. *See, e.g.*, *Chase Bank of Tex., N.A. v. Harris Cnty. Water Control & Improvement Dist. No. 109*, 36 S.W.3d 654, 655–56 (Tex. App.—Houston [1st Dist.] 2000, no pet.). While the Supreme Court of Texas has held that if an appellant "is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way," the appellant must have "exercise[d] due diligence" and found himself unable to obtain a record "through no fault of his own." *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972).

On the face of this record, Jordan's inability to obtain a record of the evidence introduced is at least partially his fault, because he had signed a waiver of appearance in which he "waive[d] the making of a record of testimony in this case" and "agree[d] that this case may be taken up and considered by the Court without further notice to me." *See Givens v. Givens*, 616 S.W.2d 450, 451 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ) ("Appellant is unable to show that the absence of a record in this case is not the result of her own negligence or lack of due diligence. To the contrary, it is undisputed that she signed a Waiver of the Record."). In reliance on the waiver, the court included in the final decree of divorce a recital that Jordan "made a general appearance and signed a waiver consenting that the case could be considered by the Court without further notice" and a recital that the "making of a record of testimony was waived by the parties with consent of the court."

This court has recognized that a party "may waive the making of a record by express written agreement, or by not objecting to the lack of record during the hearing." *O'Connell v. O'Connell*, 661 S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1983, no writ); *see also McLamore v. McLamore*, 750 S.W.2d 805, 806 (Tex. App.—El Paso 1988, no writ) ("Where a party has signed a waiver of the making of a record she may not complain that such waiver is not binding upon her."). Given that the record in this case contains a waiver by Jordan of the making

of a record of testimony, it was not error for the trial court to hold the hearing without the services of a court reporter. *See McLamore*, 750 S.W.2d at 806; *O'Connell*, 661 S.W.2d at 263; *Givens*, 616 S.W.2d at 451. Because silence is inadequate to show error on the face of the record, we will not presume that whatever evidence was presented at the hearing was insufficient to support the trial court's division of property. *See Ginn*, 282 S.W.3d at 433. Jordan's fifth issue is overruled.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.