

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-15-00119-CV

**IN THE INTEREST OF A CHILD**

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-14-81
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  October 28, 2015

AFFIRMED

In this appeal, Mr. and Mrs. Roberts, the appellants, challenge a final judgment denying their petition to adopt a child, and granting Mr. and Mrs. Gomez's petition to adopt the same child.[1] In four issues, the Robertses argue (1) the trial court abused its discretion in finding that they failed to show that the Texas Department of Family and Protective Services lacked good cause to withhold consent to their adoption petition; (2) the trial court abused its discretion in finding that the Department consented to the Gomezes' adoption petition; (3) the trial court erred in not allowing the Robertses to present evidence at the motion for new trial hearing; and (4) the trial court violated their due process rights at the motion for new trial hearing. We affirm.

---

[1]To protect the identity of the child, we do not use the actual names of the child or the parties in this opinion. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

## BACKGROUND

The child who is the subject of the underlying suit was removed from the care of his biological mother and placed in foster care shortly after birth. When attempts to reunify the child and his biological mother failed, the child was placed with the Robertses by court order. Mrs. Roberts, who is the child's aunt, had been involved in the child's life since birth.[2]

The child lived with the Robertses for about four months. After the child's biological mother threatened the safety of the child and other members of the Robertses' household, Mrs. Roberts contacted the Department and asked that the child be placed with another family. The child was eventually placed with the Gomezes, who were foster parents.

The parental rights of the child's biological parents were terminated, and the Department was appointed the child's permanent managing conservator.

Thereafter, the Robertses filed an original petition seeking to adopt the child. The Gomezes intervened, also seeking to adopt the child. After several hearings and a bench trial, the trial court granted the Gomezes' adoption petition, and denied the Robertses' adoption petition. The Robertses filed an amended motion for new trial, which was denied by the trial court. The trial court filed written findings of fact and conclusions of law. The Robertses appealed.

## GOOD CAUSE TO REFUSE CONSENT

Texas law provides that when the petitioner in an adoption suit is not the child's managing conservator, the managing conservator must file written consent to the adoption. Section 162.010 (a) of the Texas family code provides:

> Unless the managing conservator is the petitioner, the written consent of a managing conservator to the adoption must be filed. The court may waive the requirement of consent by the managing conservator if the court finds that the

---

[2]Mrs. Roberts and the child's biological mother are sisters.

consent is being refused or has been revoked without good cause. A hearing on the issue of consent shall be conducted by the court without a jury.

TEX. FAM. CODE ANN. § 162.010 (a) (West 2014).

A managing conservator has good cause to refuse to consent to an adoption when it has a good faith reason to believe the best interest of the child requires that it withhold consent. *In the Interest of F.G.*, No. 04-04-00681-CV, 2005 WL 3477830, at *2 (Tex. App.—San Antonio Dec. 21, 2005, no pet.). The party seeking waiver of the consent requirement bears the burden to prove the managing conservator's lack of good cause to refuse consent. *In the Interest of M.P.J., II*, 14-03-00746-CV, 2004 WL 1607507, at *4 (Tex. App.—Houston [14th Dist.] July 20, 2004, pet. denied). We review a trial court's finding on good cause for an abuse of discretion. *F.G.*, 2005 WL 3477830, at *2. A trial court does not abuse its discretion if some evidence of substantive and probative character supports its decision. *M.P.J.*, 2004 WL 1607507, at *4.

In their second issue, the Robertses argue the trial court abused its discretion in finding that they did not show that the Department lacked good cause to withhold consent to their adoption of the child. Here, the record contains some evidence that the Department had a good faith reason to believe that withholding consent to the Robertses' adoption petition was in the child's best interest. A Department caseworker testified that Mrs. Roberts had told her that she and her husband could no longer have the child in their home because of threats made by her sister, the child's biological mother.[3] According to the caseworker, this raised several concerns. One concern was whether the Robertses could protect the child from the biological mother. Another concern was whether the Robertses could provide permanency for the child. Specifically, the concern was that the Robertses

---

[3]In addition, Mrs. Roberts sent a letter to the caseworker, which was admitted into evidence. In the letter, Mrs. Roberts stated, "I want to inform you why I made the decision to have my nephew . . . removed from my home and placed in a fictive kin/[the Gomezes'] home." Mrs. Roberts further stated in the letter that the child's biological mother appeared at a family member's funeral, where she confronted the Robertses about having custody of her child and threatened to kidnap the child and the Robertses' daughter. Both children were present when the threats were made.

would seek to return the child again if the biological mother made threats in the future. The caseworker pointed out that the child's biological mother had also threatened Mr. Gomez, but the Gomezes reacted differently. The Gomezes did not seek to return the child.

The Robertses cite to other evidence in the record, which they claim shows they met their burden to prove the Department lacked good cause to withhold consent. A family friend testified that Mrs. Roberts did not want to send the child to the Gomezes, but she did so because the Department told her it was in the child's best interest. In addition, Mrs. Roberts testified that she and her husband had intended for the child's removal from their home to be temporary, not permanent, and that the reason she wrote the letter asking the Department to remove the child from their home was to comply with the caseworker's recommendation. Mrs. Roberts also testified that she asked to have the child placed with the Gomezes because she had learned that the Gomezes were in the process of becoming foster parents and she was "desperate" to have the child placed in a home where she could continue to have contact with him. Finally, Mrs. Roberts testified that the Department told her the child would be returned to her after her sister's parental rights were terminated.

As the factfinder, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McDowell v. McDowell*, 143 S.W.3d 124, 130 (Tex. App.—San Antonio 2004, pet. denied). Thus, the trial court was entitled to believe one witness and disbelieve another, and to resolve any inconsistencies in the witnesses' testimony. *Id*. In this case, the trial court could have disbelieved Mrs. Roberts's testimony about the temporary nature of the child's removal from her home. Her testimony was contradicted by the Gomezes, who testified that it was Mrs. Roberts who first contacted them and asked them if they would consider adopting the child. Based on this testimony and other evidence in the record, the trial court could have believed that the Robertses had made a decision to permanently relinquish the child, had informed

the Department of this decision, and had sought out the Gomezes for the purpose of adopting the child.

The trial court did not abuse its discretion in finding that the Robertses failed to meet their burden to show that the Department lacked good cause to withhold consent to their adoption of the child. We overrule the Robertses' second issue.

### EXISTENCE OF CONSENT

In their third issue, the Robertses argue the trial court abused its discretion in finding that the Gomezes had obtained the Department's written consent to adopt the child.

The record shows that on the day of trial the Department objected to the Robertses' adoption petition on the basis that they had failed to obtain the managing conservator's consent as required by section 162.010 (a) of the Texas family code. The Department further advised the trial court that it could waive the consent requirement upon finding that the managing conservator's consent was being refused without good cause. *See* TEX. FAM. CODE ANN. § 162.010 (a). The trial court overruled the Department's objection and considered the good cause issue at trial. Neither the Department nor the Robertses made a similar objection to the Gomezes' adoption petition.

As a prerequisite to preserving a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Here, the record shows that the Robertses failed to present this complaint to the trial court by timely objection. Nothing is preserved for our review. *See id*. We overrule the Robertses' third issue.

### MOTION FOR NEW TRIAL

In their first issue, the Robertses argue the trial court erred in refusing to allow them to present evidence at the motion for new trial hearing. The Robertses filed a motion for new trial, claiming they were entitled to a new trial based on newly-discovered evidence.

As a general rule, a hearing on a motion for new trial is not mandatory. *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.). However, "when a motion presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence when the Motion for New Trial alleges facts, which if true, would entitle the movant to a new trial . . . ." *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979). To obtain a new trial based on newly-discovered evidence, a party must establish (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to a lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if the new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

Here, the Robertses' amended motion for new trial alleged that (1) the person who prepared the social study had several conflicts of interest and (2) the social study did not comply with various statutes and standards. The social study was admitted into evidence at trial without objection.

The trial court held a hearing on the amended motion for new trial. At the hearing, the trial court asked the Robertses to identify the newly-discovered evidence. In response, the Robertses did not explain the nature of the newly-discovered evidence. Instead, they told the trial court that they would like to make an offer of proof to make the evidence known to the trial court and for purposes of appeal. After taking a recess to review the motion, the trial court advised the Robertses that the alleged conflicts of interest had been addressed at trial and were not newly-discovered evidence. The trial court also warned that if the Robertses insisted on presenting evidence on matters that had already been addressed they would be sanctioned. The Robertses acknowledged that the conflicts of interest had been addressed at trial, but pointed to the allegations in their motion that the social study did not comply with various statutes and standards. The trial court

then explained to the Robertses that the social study's compliance with various statutes and standards was not newly-discovered evidence and could have been addressed at trial. In the end, the Robertses presented no evidence at the hearing, and the trial court denied the amended motion for new trial.

The trial court committed no error. To obtain a new trial based on newly-discovered evidence, the Robertses had to establish that (1) the evidence had come to their knowledge since the trial, (2) their failure to discover the evidence sooner was not due to a lack of diligence, (3) the evidence was not cumulative, and (4) the evidence was so material it would probably produce a different result if the new trial were granted. *See Williams*, 313 S.W.3d at 813. The Robertses' amended motion does not raise a fact question concerning any of these requirements. Furthermore, the Robertses were unable to explain to the trial court the nature of the newly-discovered evidence at the hearing. Under these circumstances, the trial court was not required to hear evidence on the amended motion for new trial. We overrule the Robertses' first issue.

## DUE PROCESS

In their fourth issue, the Robertses argue the trial court violated their due process rights by warning them that they would be sanctioned if they presented cumulative evidence at the motion for new trial hearing. The Robertses raise their constitutional complaint for the first time on appeal. Because the Robertses failed to first present this complaint to the trial court, it is not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1) (providing that as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by timely objection); *Henning v. Henning*, 889 S.W.2d 611, 615 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding constitutional complaints were waived on appeal when appellant failed to first present them to the trial court). We overrule the Robertses' fourth issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Karen Angelini, Justice